593 So.2d 673 (1991)
AT & T INFORMATION SYSTEMS, INC., (formerly American Bell, Inc.)
v.
Norwood SMITH d/b/a Norwood Smith Real Estate.
No. CA 90 1775.
Court of Appeal of Louisiana, First Circuit.
December 5, 1991.
*674 Stephen J. Broussard, Metairie, for plaintiff-appellant.
Arthur W. Macy, Hammond, for defendant-appellee.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
LOTTINGER, Judge.
This is a suit for breach of a lease of telephone equipment and a service contract. AT & T Information Systems, Inc. (AT & T) appeals the dismissal of its suit.

FACTS
On June 22, 1983, AT & T and Norwood Smith, d/b/a Norwood Smith Real Estate entered into a lease agreement for the lease of certain telephone equipment as well as a service contract. The original lease was for $488.50 per month. It was supplemented in August of 1983 to add some equipment at $14.00 per month. Thus the total monthly rental after that date was $502.50.
Smith ceased making payments in January of 1986. AT & T alleges it is owed $15,629.58[1] under the terms of the contract which provides for termination charges of "one-half (½) of the monthly payments for the original term or 70 percent (70%) of the sum of all remaining monthly payments, whichever is less." In addition to the above amounts, AT & T also prays for interest, attorney fees, and costs.

TRIAL COURT
The trial court in dismissing AT & T's suit in part said:
After careful consideration of the arguments before this Court, it is clear that defendant did indeed sign the lease agreement which plaintiff presently sues upon, this agreement containing a provision whereby plaintiff, upon defendant's default, could recover not only the equipment leased therein but also various other charges resulting from the unilateral termination of the lease. This Court, however, hereby declares that such a provision is contra bonos mores in that it permits the non-defaulting party to become unjustly enrished (sic) at the expense of the other party. As a result, this court finds that defendant's return of the leased equipment to plaintiff both morally and legally satisfied defendant's obligation to petitioner and, therefore, the latter is not entitled to any damages resulting from the default.

ASSIGNMENTS OF ERROR
In appealing, AT & T contends the trial court erred as a matter of law:

*675 1) By holding that the early termination provisions within the lease agreement were contra bonos mores and that the plaintiff would become unjustly enriched at the expense of the defendant if the provisions of the lease agreement were to be enforced.
2) By not enforcing the provisions of the lease calling for early termination charges.
3) By not awarding past due rental for the four (4) months defendant used the equipment prior to removal.

I
In 1985, the legislature enacted the Louisiana Lease of Movables Act. Act No. 592 of 1985. The Louisiana Lease of Movables Act is found at La.R.S. 9:3301-3342. Several sections of the Louisiana Lease of Movables Act are important to a resolution of the issues before this court.
Under the general heading "Part III. Charges" is found R.S. 9:3316Early termination charges, which provides:
A. Both true and financed lease agreements, whether for consumer or commercial purposes, may contractually provide for the assessment, imposition, and collection of reasonable early termination charges, including but not limited to:
(1) An early termination fee in a fixed amount as contractually agreed to by the lessee.
(2) Excess mileage or use charges as provided under the lease agreement.
(3) Reasonable excess wear and tear charges as provided under the lease agreement.
(4) The difference between (i) the original adjusted capital cost of the leased equipment, less (ii) accumulated depreciation calculated in accordance with the lessor's standard depreciation formula through the date of termination, less (iii) the realized value of the leased equipment following termination of the lease.
(5) Official fees and taxes imposed in connection with termination of the lease.
(6) Current or delinquent rental payments and other charges under the lease which are then due and payable.
(7) Additional reasonable early termination charges which may be contractually provided for under the lease agreement.
B. Early termination charges may be assessed in addition to interest rate charges as provided under R.S. 9:3311 and 3312.
C. Any refundable security deposit held by the lessee (sic) may be retained and shall be credited against the lessee's liability for early termination charges.
Additionally, under the general heading "Part IV. Remedies Following Lessee's Default" is found R.S. 9:3318Options of lessor following lessee's default, which provides:
A. (1) In the event of default by the lessee under a true lease, or under a financed lease entered into prior to the time Chapter 9 of the Louisiana Commercial Laws becomes effective, the lessor may do any one of the following:
(a) He may file an appropriate collection action against the lessee to recover accelerated rental payments and additional amounts that are then due and outstanding and that will become due in the future over the full base term of the lease, as provided under R.S. 9:3319.
(b) He may cancel the lease, recover possession of the leased property and recover such additional amounts and liquidated damages as may be contractually provided under the lease agreement, as provided under R.S. 9:3320 through 3328.
(2) The above remedies following the lessee's default are not cumulative in nature. The lessor may not seek to collect accelerated rental payments under the lease and also cancel the lease and recover possession of the leased equipment.
B. In the event of default by the lessee under a financed lease entered into after Chapter 9 of the Louisiana Commercial Laws becomes effective, the lessor may at his option:

*676 (1) Exercise such rights and remedies following default as are provided under this Chapter; or
(2) Exercise such rights and remedies following default as are provided under Chapter 9 of the Louisiana Commercial Laws.
Also under the same general heading is found R.S. 9:3325Recovery of liquidated damages, which provides:
A. The lessor may commence any ordinary proceeding against the lessee, as provided in R.S. 9:3324, to recover amounts then due and owing under the lease as well as such liquidated damages as may be provided under the lease agreement. Any refundable security deposit held by the lessor may be retained and shall be credited against the lessee's liability for liquidated damages and other amounts owed the lessor.
B. The court shall award liquidated damages to the lessor only if it finds the amount thereof to be reasonable. If the court finds the amount of liquidated damages to be unreasonable, or if there is no such stipulation, then the court may, in its discretion, award liquidated damages to the lessor.
It is clear from the above statutes, i.e., R.S. 9:3318(A)(1)(b), that the Louisiana Lease of Movables Act contemplates and permits reasonable liquidated damages and repossession of the leased property following lessee's default. The lessee was in default of the monthly lease payments. Thus, the trial judge was in error in declaring provisions of the lease agreement contra bonos mores.

II
The trial court did not enforce the liquidated damages provisions of the lease because it found them to be contra bonos mores, which was error. However, before the trial court can award liquidated damages as provided in a lease agreement, the court must first determine that the damages are reasonable. La.R.S. 9:3316 and 3325. Other than the contract of lease containing the liquidated damages provisions and testimony as to the amount due, there is no other evidence in the record as an aid to the court in its task of determining reasonableness. Plaintiff is seeking the award of liquidated damages and has the burden of proving reasonableness. Because there is no evidence as to reasonableness, we remand this matter to the trial court for the purpose of taking additional evidence.

III
Under La. R.S. 9:3325(A), the lessor may "recover amounts then due and owing under the lease as well as such liquidated damages as may be provided under the lease agreement." Lessor can recover past due rents as well as reasonable liquidated damages.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings. All costs of this appeal are assessed against Norwood Smith, d/b/a Norwood Smith Real Estate. The assessment of any future costs will await judgment after remand.
REVERSED AND REMANDED.
NOTES
[1] The petition alleges termination charges amounted to $13,531.16, in addition to outstanding monthly charges of $2,170.80, all subject to a credit of $72.38.