GONZALES, Judge.
This case involves a dispute over whether amounts are owed following the termination of a truck lease. On March 27, 1987, plaintiff, Day Leasing and Insurance, Inc.[1], leased a 1987 Peterbilt truck to defendant, Ronald W. Hart. Following suit for amounts allegedly due under the lease, the matter was dismissed by the trial court. From this judgment, plaintiff appeals.
Under the terms of the lease, Mr. Hart was to pay plaintiff $1,900.00 per month with two months’ rental paid in advance as a security deposit. The record reflects the following payments were made on this obligation and how they were applied:
[[Image here]]
*116 05/23/88 1,900.00 May Payment
06/20/88 1,900.00 June Payment
07/00/88 0.00
08/00/88 0.00
09/08/88 1,900.00 July Payment
10/13/88 3,800.00[2] August and September Payments
11/16/88 1,900.00 [3] October Payment
12/00/88 0.00
01/04/89 1,900.00 November Payment
02/00/89 0.00
03/29/89 700.00 December Payment
04/09/89 700.00 December Payment
TOTAL PAID $43,200.00
On April 29, 1989, defendant agreed to relinquish the truck to plaintiff, and plaintiff sent its salesman, Mr. Buddy Valentine, to pick up the vehicle. Upon receipt of the vehicle, Mr. Valentine signed a handwritten document which read:
Received Blue Petebilt [sic] 1987 Tractor in Good Condition April, 29, 1989 Pick up at 12983 Pendarvis Lane Walker, La by Mr. Buddy Valentine [Signatures omitted.]
The trial court’s written reasons for judgment were as follows:
In the opinion of this court plaintiff voluntarily repossessed the truck in question. If there was any balance due at the time, the same would have been waived by plaintiff voluntarily accepting the vehicle.
The Louisiana Lease of Movables Act, La.R.S. 9:3301 et seq., governs this transaction. The remedies allowed for default under a lease of movables are provided in La.R.S. 9:3318, which reads in pertinent part:
A. (1) In the event of default by the lessee under a true lease ... the lessor may do any one of the following:
(a) He may file an appropriate collection action against the lessee to recover accelerated rental payments and additional amounts that are then due and outstanding and that will become due in the future over the full base term of the lease, as provided under R.S. 9:3319.
(b) He may cancel the lease, recover possession of the leased property and recover such additional amounts and liquidated damages as may be contractually provided under the lease agreement, as provided under R.S. 9:3320 through 3328.
(2) The above remedies following the lessee’s default are not cumulative in nature. The lessor may not seek to collect accelerated rental payments under the lease and also to cancel the lease and recover possession of the leased equipment.
Further, La.R.S. 9:3325 provides:
A. The lessor may commence an ordinary proceeding against the lessee, as provided in R.S. 9:3324, to recover amounts then due and owing under the lease as well as such liquidated damages as may be provided under the lease agreement. Any refundable security deposit held by the lessor may be retained and shall be credited against the lessee’s liability for liquidated damages and other amounts owed the lessor.
B. The court shall award liquidated damages to the lessor only if it finds the amount thereof to be reasonable. If the *117 court finds the amount of liquidated damages to be unreasonable, or if there is no such stipulation, then the court may, in its discretion, award liquidated damages to the lessor.
It is apparent under these provisions that if the lessor recovers possession of the leased movable, then his remaining remedy is for past-due rent and liquidated damages; by recovering the property, a lessor waives his right only as to accelerated rentals, not past-due rental. See AT & T Information Systems, Inc. v. Smith, 593 So.2d 673 (La.App. 1st Cir.1991). Thus, the trial court made a legal error in holding that voluntary acceptance of the movable constitutes waiver of any accrued balance owed under the lease and we must proceed to ascertain what amounts are owed.
Plaintiff is entitled to recover any amounts owed for past-due rentals at the time the lease is terminated and any liquidated damages authorized under the contract between the parties. Plaintiffs petition seeks recovery of the following amounts, together with reasonable attorney’s fees of twenty (20%) percent of the outstanding balance and interest:
Outstanding lease payments $3,856.59
Finance charge 1,123.78
Reconditioning charge 2,519.63
Total $7,500.00
The record reflects that $3,856.59 was owed in outstanding lease payments ($500.00 owed for December of 1988, $5,700.00 for January, February and March of 1989, and $1,456.59 for twenty-three days in April of 1989, less the security deposit of $3,800.00). However, the contract between the parties does not authorize the collection of a contractual finance charge on unpaid rentals; it reads in pertinent part as follows:
DELINQUENCY CHARGES: For each Rental Payment or other sum due hereunder which is not paid within 15 days after the due date, Lessee agrees to pay Lessor a delinquency charge of 4% of such Rental Payment or the sum of $5.00, whichever is greater, provided that such a delinquency charge is not prohibited by law, otherwise at the highest rate Lessee can legally obligate itself to pay and/or Lessor can legally collect.
Plaintiff has not sought recovery of “delinquency charge[s]”. Nevertheless, legal interest is owed under La.C.C. art. 2000 on the sums owed from the time the amounts were due; therefore, legal interest only should have been awarded.
Plaintiffs representative testified at trial that the reconditioning charge of $2,519.63 consisted of $1,628.34 (itemized at trial separately as $990.00, $571.24, and $67.10) to re-paint the vehicle to cover logos and murals added by defendant, and the remainder to replace mudflaps, bulbs, clamps, tubing and the like. Repairs which can be recovered against a lessee are governed under the contract as follows:
LESSOR’S TITLE STORAGE AND IDENTIFICATION OF EQUIPMENT: ... Lessee agrees not to alter or modify the Equipment without first obtaining in each instance the prior written approval of Lessor. Upon the expiration or termination of this lease, Lessee, at Lessee’s sole expense, shall return the Equipment unencumbered to Lessor at a place to be designated by Lessor within the city in which the Rental Payments are payable or, at Lessors’ option, at such other place as Lessee and Lessor may agree upon, and in the same condition as when received by Lessee, reasonable wear and tear resulting from use thereof alone excepted. ... [Emphasis added.]
Repairs necessitated by the painting by defendant of his business logo on the doors of the cab and murals on both sides of the sleeper are clearly recoverable hereunder. However, there was no testimony presented that the various items of hardware were required to be replaced because of unreasonable wear and tear to the vehicle; therefore, no award should be made for these expenses.
Attorney fees were contractually authorized by the lease which provides, “Lessee agrees to pay all expenses incurred by Lessor in enforcing its rights after the occurrence of an event of default hereunder, including the reasonable fees of any attorneys retained by Lessor (20% of all sums *118 then owing hereunder if permitted by law).”
Accordingly, judgment is ordered rendered herein in favor of plaintiff in the following amounts: $3,856.59 for past due rentals and $1,628.34 for repairs (all totaling $5,484.93), together with interest at the legal rate from the date each sum was due through the date of judicial demand, attorney’s fees of twenty (20%) percent thereof and legal interest on the whole from the date of judicial demand.
For the reasons assigned, the judgment of the trial court is reversed, judgment is rendered in favor of plaintiff as directed herein; all costs of these proceedings are to be borne by defendant.
REVERSED.

. Plaintiff is also referred to in the record as 'Day Leasing and Insurance Company, Inc.’

. The defendant introduced a canceled check into evidence for this date in the amount of $11,895.44; however, testimony presented showed that only $3,800.00 of this check was applied to the lease of the truck in question, with the remainder applied to amounts owed on other leases.