## CIRCUIT COURT OF CHESTERFIELD COUNTY

Williams et al.

v.

Neff et al.

October 21, 1997

Case No. CH96-1626

BY JUDGE HERBERT C. GILL, JR.

The parties were before the Court by counsel on October 10, 1997, for a hearing on defendants' motions for summary judgment. The Court, having reviewed the memoranda of counsel, pertinent sections of the Virginia Code, and applicable case law, determines that the motions for summary judgment should be granted.

The Neffs' motion for summary judgment relies on Virginia Code § 55-519 and the doctrine of caveat emptor. In response, the plaintiffs argue fraud on the part of the Neffs. Under Virginia law, three components must be alleged to plead fraud: (1) either a concealment of a material fact if there exists a duty to disclose or misrepresentation of a pre-existing material fact, (2) reliance on the concealment or misrepresentation inducing the plaintiff to act, and (3) injury to the plaintiff resulting from such concealment or misrepresentation. *Lloyd v. Smith*, 150 Va. 132 (1928). Virginia Code § 55-519 allows the owner of real property to provide the buyer with a disclaimer statement indicating that "the owner makes no representations or warranties as to the condition of the real property or any improvements thereon and that the purchaser will be receiving the real property 'as-is,' that is, with all defects which may exist, if any, except as otherwise provided for in the real estate contract." Va. Code § 55-519 (Michie 1950 as amended). In the case at hand, the Neffs provided such a disclaimer statement to the plaintiffs, Mr. and Mrs. Williams, stating specifically that the plaintiffs took the property "as-is" with no representations

or warranties. Thus, the Neffs had no duty to disclose any defects in the real property under the statute.

The Virginia Supreme Court continues to reaffirm that the doctrine of caveat emptor is applicable in the state of Virginia. *See Boris v. Hill*, 237 Va. 160 (1989), and *Virginia Natural Gas Co. v. Hamilton*, 249 Va. 449 (1995). The doctrine of caveat emptor provides that:

> Where ordinary care and prudence are sufficient for full protection, it is the duty of the party to make use of them. Therefore, if false representations are made regarding matters of fact and the means of knowledge are at hand and equally available to both parties, and the party, instead of resorting to them, sees fit to trust himself in the hands of one whose interest it is to mislead him, the law, in general, will leave him where he has been placed by his own imprudent confidence.

*Horner v. Ahern*, 207 Va. 860, 863-864 (1967). The Supreme Court has further stated in *Armentrout v. French* that caveat emptor is the law in Virginia, but an "important exception to that rule is that the seller 'must not say or do anything to throw the purchaser off his guard or divert him from making the inquiries and examinations which a prudent man ought to make'." *Armentrout v. French*, 220 Va. 458, 466 (1979) (quoting *Horner v. Ahern*, 207 Va. 860, 864 (1967)). Plaintiffs allege in their bill of complaint, "defendants knew or should have known of certain serious defects in the condition of the property and did with the intent to defraud the plaintiffs conceal these defects from the plaintiffs as they knew to disclose the defects would result in the contract not being consummated." *Bill of Complaint* at 1-2. The Court shall not enter summary judgment "if any material fact is in dispute." Rule 2:21, Rules of the Supreme Court of Virginia 1997. However, there is no dispute as to the facts, since plaintiffs have failed to allege any actions on the part of the Neffs that concealed the defects in the house. Further, the plaintiffs have failed to allege any affirmative actions on the part of the Neffs that kept the plaintiffs from making a proper inquiry and investigation. Since there was no duty for the Neffs to disclose and the plaintiffs have failed to show a material misrepresentation on the part of the Neffs, the motion for summary judgment should be granted in favor of the Neffs as the plaintiffs have failed to allege one of the necessary elements of fraud. The Court does not address the Neffs' second argument, that the plaintiffs are bound by all that their independent investigation revealed or should have revealed, as the above analysis is dispositive of the case.

Defendants, Rick Volante and The Home Team Inspection Service rely on a liquidated damages clause in the inspection contract for their motion for summary judgment. Plaintiffs claim that the inspection contract is an unconscionable contract, which should not be enforced by the Court. The law is well settled in Virginia that:

> parties to a contract properly may agree in advance upon the amount to be paid for loss which may result from a breach of the contract. When the actual damages contemplated at the time of agreement are uncertain and difficult to determine with exactness and when the amount fixed is not out of proportion with the probable loss, the amount is deemed to have been intended as enforceable liquidated damages. But where the damage resulting from a breach of contract is susceptible of definite measurement (as when the breach consists of failure to pay a sum of money) or where the stipulated amount would be grossly in excess of actual damages, courts of law usually construe such a stipulation as an unenforceable penalty.

*Taylor v. Sanders*, 233 Va. 73, 75 (1987) (citing *Crawford v. Heatwole*, 110 Va. 358, 359-361 (1909)). In the case at hand, damages at the time of the agreement were difficult to determine with exactness, and the amount cannot be construed as a penalty. Therefore, under Virginia law, the liquidated damages clause is enforceable and valid. The Court thus grants summary judgment in favor of Rick Volante and the Home Team Inspection and limits the damages as to the amount defined in the contract.