# Richmond.

## CRAWFORD v. HEATWOLE & HEDRICK.

### November 18, 1909.

### Absent, Buchanan, J.

1. DAMAGES—*Stipulation for Liquidated Damages—Validity.*—Parties to a contract may stipulate in advance for the payment of a sum certain as liquidated damages, in case of breach, where the damages are in their nature uncertain and unascertainable with exactness at the time the contract is made, and may be dependent upon extrinsic conditions and circumstances, and where the amount fixed is not on the face of the contract out of all proportion to the probable loss.

2. DAMAGES—*Stipulation for Liquidated Damages—Estimated Rental Value.*—A contract to pay ten dollars a day as liquidated damages for failure to complete, by a given time, a dwelling intended as a home for the owner, is not unconscionable or unreasonable, and will be upheld where the price of the house and lot amounted to seven thousand dollars, and there were special reasons why the owner desired to get into the dwelling at the time stipulated. The estimated rental value of the house and lot, under such circumstances, affords no just criterion for the measure of damages.

Error to a judgment of the Circuit Court of Rockingham county in a proceeding by motion for a judgment for money. Judgment for the plaintiffs. Defendant assigns error.

*Reversed.*

The opinion states the case.

*James B. Stephenson* and *D. O. Dechert,* for the plaintiff in error.

*Roller & Martz,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

This motion was brought by the defendants in error, Heatwole & Hedrick, against the plaintiff in error, Crawford, upon a building contract bearing date July 25, 1907.

The agreement contained a stipulation for the completion of the dwelling "not later than January 1, 1908, and in the event that the said residence is not fully completed by that date, then . . . the parties of the second part are to pay to said party of the first part $10 per day for each day that said residence remains incomplete, the aforesaid sum being by way of damages, the same being agreed to by all parties to this contract." There was a further provision, that if the weather was such that the work could not be carried on to advantage so as to insure "a first-class job," the contractors were not to be charged with time so lost.

The building was not completed until March 7, 1908, and the defendant having paid into court the amount admitted to be due, withheld the sum of $660 as liquidated damages.

The trial court instructed the jury that the sum agreed on as damages constituted a penalty and was not recoverable, which ruling presents the only question which demands our consideration.

The house was constructed as a habitation for the defendant and his family, at a total cost of $7,000—$1,600 for the lot and $5,400 for the building; and the rental value was estimated at $35 per month. It also appears that the defendant urged as a special reason why the building should be completed within contract time, that his wife, to whom he had been recently wedded, was in a delicate condition, that they were living in a boardinghouse, and particularly desired to occupy their own home.

The general rule is well settled that parties to a contract may stipulate in advance as to the amount which shall be paid in compensation for loss or injury which may result from a breach

of the agreement, if such breach should occur, when the damages are uncertain and difficult of ascertainment.

In 1 Sutherland on Dam. (3d ed.), sec. 279, it is said: "As a general rule, when the injury resulting from the breach of a contract is susceptible of definite measurement, as where the breach consists in the non-payment of money, the parties will not be sustained in the enforcement of stipulations for a further sum, whether in the form of penalty or liquidated damages; but where the damages sustained are uncertain and are not readily susceptible of being reduced to a certainty by legal computation, they may be determined before a breach occurs."

This general statement of the rule is in accord with the trend of judicial thought and decision.

"The question whether a sum named in a contract to be paid for a failure to perform," says Earl, J., in *Kemp* v. *Knickerbocker Ice Co.,* 69 N. Y. 45, "shall be regarded as stipulated damages or a penalty, has been frequently before the courts, and has given them much trouble. The cases cannot all be harmonized, and they furnish conspicuous examples of judicial efforts to make for parties wiser and more prudent contracts than they have made for themselves. Courts of law have, in some cases, assumed the functions of courts of equity, and have relieved parties by forced and unnatural constructions from stipulations highly penal. Where an amount stipulated as liquidated damages would be grossly in excess of the actual damages, they have leaned to hold it a penalty. Where the actual damages were uncertain and difficult of ascertainment, they have leaned to hold the stipulated amount to have been intended as liquidated damages. No form of words has been regarded as controlling. But the fundamental rule, so often announced, is that the construction of these stipulations depends, in each case, upon the intent of the parties, as evidenced by the entire agreement construed in the light of the circumstances under which it was made."

The opinion of Mr. Justice White on this subject, in *Sun*

*Printing & Publishing Association* v. *Moore,* 183 U. S., 642, 46 L. Ed. 366, 22 Sup. Ct. 240, will be found to be instructive. He summarizes the governing principle as follows: "Damages are deemed liquidated at the stipulated sum when the actual damages contemplated at the time the agreement is made are in their nature uncertain and unascertainable with exactness, and may be dependent upon extrinsic considerations and circumstances, and the amount fixed is not on the face of the contract out of all proportion to the probable loss. . . . If a construction of an agreement be doubtful, that construction must be adopted which makes the covenant most beneficial to the promisee."

Sutherland, at sec. 284, commends this decision, which he says "puts agreements for the liquidation of damages upon substantially the same footing as other contracts in which fraud, surprise or mistake has not entered."

On the same subject (sec. 291, at pp. 761-2) the learned author says: "Damages for failure to complete a house, or any other structure, may sometimes be ascertained proximately by a rental standard. But where intended for a particular purpose other than to be rented, and when delay may hinder or thwart other and dependent contracts or enterprises, the damages will be more uncertain. In a building contract containing the usual clauses fixing the days for completing the various parts of the work, a stipulation to the effect that any neglect to comply with the conditions of the contract and finish the work as provided should entitle the employer to claim damages at the rate of $10 per day for every day's detention so caused was held a covenant for stipulated damages."

Numerous cases from courts of last resort of the States and Canada are cited in support of the text—though the author adds: "There are authorities to the effect that the damages ordinarily resulting from the failure to fulfil a building contract which contains only the usual conditions are not so uncertain as to be the subject of such stipulations, the extrinsic circumstances not being unusual; but the decisions are far from being unanimous

on the question." After citing authorities in support of the minority rule, or rather the qualification of the general rule, the author adds: "But see *Ward* v. *Hudson River B. Co.,* 125 N. Y. 230, 26 N. E. 256; *Sun Printing & Pub. Asso'n* v. *Moore,* 183 U. S. 642, 46 L. Ed. 366, 22 Sup. Ct. 240. With the exception of the decision in *Welsh* v. *McDonald,* 85 Va. 500, 8 S. E. 711 (where it was held that a stipulation in a building contract for the payment of $5 per day as damages for delay in completing a house worth $750 was stipulated damages and not a penalty), the Virginia cases dealing with conventional liquidation are not pertinent and need not be reviewed."

The case in judgment comes well within the general rule laid down by Mr. Sutherland. The intention of the parties to fix in advance the compensation to be paid by way of damages for a breach of contract, should such breach occur, with respect to the time within which the house was to be completed, is unmistakable. The building was not intended for rental purposes, but for a home, and consequently the estimated rental value affords no just criterion for the measure of damages. Considered in connection with the cost of the property, the stipulated damages cannot be regarded as either unconscionable or unreasonable. Superadded to the difficulties in the way of estimating with approximate precision the damages usually inhering in this class of contracts, the condition of the defendant's wife and the circumstances in which they were placed by the delay, render it all the more difficult to calculate the damages by marketable values.

From these considerations it follows that the judgment must be reversed and the case remanded for a new trial.

*Reversed.*