# Jeremy W. Taylor

## v.

# Jack M. Sanders, et al.

Record No. 840017

March 6, 1987

Present: All the Justices

(Richard R. Saunders, Jr.; Hanes, Sevilla, Saunders & McCahill, P.C., on brief), for appellant. Appellant submitting on brief. No brief or argument for appellee.

COMPTON, J., delivered the opinion of the Court.

In this action at law upon a promissory note, the dispositive question is whether the instrument was enforceable as representing liquidated damages or whether the note was invalid because it constituted a penalty.

Appellant Jeremy W. Taylor, the plaintiff below, agreed to sell and appellees Jack M. Sanders and Barbara C. Sanders, the defendants below, agreed to purchase a house and lot in Loudoun County for $63,900. On November 27, 1981, the parties executed three instruments. They signed a sales contract which provided for a deposit by the purchasers of $3,000 "in the form of " a note in that amount. The contract also provided, "It is understood that if purchaser shall fail to settle on 1/4/82 [the settlement date required by the contract], then note is full damages."

The seller agreed to allow the purchasers to occupy the subject property before closing the sales transaction. The parties executed an occupancy agreement which provided that the purchasers would pay a daily fee and that the note for $3,000 was to be deposited with the seller and held in escrow. The agreement further provided that if it became necessary for the purchasers to vacate the property and if damage beyond normal wear and tear occurred during the occupancy, an amount sufficient to repair the premises would be deducted from the "funds placed in escrow."

The note in question executed by the purchasers was due October 25, 1982. It did not provide for interest but required payment of a "late penalty of 5% per month" and an attorney's fee of 15 per cent.

The purchasers occupied the premises but defaulted in the payment of rent and failed to close the sale. Subsequently, the seller obtained a judgment against the purchasers for possession of the premises and for past due rents based on the occupancy agreement. That controversy later was settled.

The purchasers failed to pay the note when due and, in December 1982, the seller filed the present action on the note. After a bench trial, the court below found for the purchasers, ruling "that the provisions for forfeiture of the deposit under the contract of sale . . . constitute a 'penalty' and are therefore unenforceable." We awarded the seller an appeal from the October 1983 final judgment in favor of the purchasers.

On appeal, the seller contends that the trial court erred in determining that the note constituted a penalty. We agree.

 The law is settled that parties to a contract properly may agree in advance upon the amount to be paid for loss which may result from a breach of the contract. When the actual damages contemplated at the time of the agreement are uncertain and difficult to determine with exactness and when the amount fixed is not out of all proportion to the probable loss, the amount is deemed to have been intended as enforceable liquidated damages. But where the damage resulting from a breach of contract is susceptible of definite measurement (as when the breach consists of failure to pay a sum of money) or where the stipulated amount would be grossly in excess of actual damages, courts of law usually construe such a stipulation as an unenforceable penalty. *Crawford* v. *Heatwole*, 110 Va. 358, 359-61, 66 S.E. 46, 47-48 (1909). In each case, however, the construction of such stipulations depends upon the intent of the parties as evidenced by the entire contract viewed in light of the circumstances under which the contract was made. *Id.* at 360, 66 S.E. at 47. *See Colonna Dry Dock Co.* v. *Colonna*, 108 Va. 230, 240-44, 61 S.E. 770, 774-75 (1908) (principles of liquidated damage versus penalty applied in a suit in equity).

In ruling against the seller, the trial court relied upon foreign authority for the proposition that a penal intention is indicated when, in a single agreement, the party claiming the benefit of a stipulated sum has the option to retain the deposit as liquidated damages or to apply it pro tanto against his actual damages. *See Stenor, Inc.* v. *Lester*, 58 So.2d 673, 675-76 (Fla. 1951). Assuming without deciding that we would embrace this rule, we find it has no application here. In the present case, the sum represented

by the note served a dual purpose under two separate documents. According to the evidence, the note was used in this fashion to accommodate the purchasers' cash-poor condition.

■ Under the sales contract, which is the basis of the present action, the note served as an earnest money deposit and was to be treated as "full damages" if the purchasers failed to close the transaction on the specified date. The seller had no option to make an additional claim for actual damages.

Under the occupancy agreement, the note served as a security deposit to be held in escrow. According to this instrument, the seller had the burden to establish actual damages in the event of breach of the occupancy agreement and could charge those damages against the note. As we have noted, the controversy arising from violation of that separate agreement was settled.

■ Thus, as we focus on the sales contract, we conclude that damages for the breach of this contract for the sale of real estate for $63,900 are uncertain and difficult to determine, and that the sum of $3,000 is not disproportionate to the probable loss sustained by the seller as the result of the breach. Consequently, we hold that the note represents enforceable liquidated damages and is not invalid as an unlawful penalty.

Accordingly, we will reverse the judgment in favor of the purchasers and enter final judgment for the seller for the amounts due under the note.

*Reversed and final judgment.*