## CIRCUIT COURT OF CHESTERFIELD COUNTY

Southwest Properties, Ltd.

v.

Nails Plus, Inc.,
and Sandra Tucker

January 22, 1990

Case No. CL 89-495

By JUDGE HERBERT C. GILL, JR.

On January 4, 1990, counsel presented argument in regard to the enforceability of the following liquidated damages clause against defendant Tucker:

> If this lease be terminated by Landlord, Landlord shall be entitled to recover as liquidated damages, and not as a penalty, because the parties hereto recognize that as of the date hereof, actual damages are not ascertainable and are of imprecise calculation, all rent, additional rent, and other charges due and payable by tenant on the date of such termination, plus (i) an amount equal to sixty percent (60%) of the rent and other sums provided herein to be paid by Tenant for the remainder of the Primary Term and the balance of any exercised renewal term, and (ii) the costs of performing any other covenants to be performed by Tenant. Paragraph 18(C) of the Lease.

Plaintiff had leased, by written agreement containing the aforesaid clause, certain commercial property to defendant Nails Plus, Inc. Defendant Tucker guaranteed "the full and complete payment of the rents, additional rents,

and other monetary obligations imposed on Nails Plus, Inc. (Tenant) . . ." (*See* Exhibit "B" of Stipulated Statement of Facts - "Guarantee"). Defendant Nails Plus, Inc., confessed judgment in the amount set forth by the liquidated damages clause.

Upon consideration of the argument presented and the stipulated statement of facts, judgment is granted for defendant Tucker. The liquidated damages clause is unenforceable. Counsel for defendant Tucker is directed to draft an Order in accordance with this letter opinion.

The Virginia Supreme Court has noted "when the actual damages contemplated at the time of the agreement are uncertain and difficult to determine with exactness, and when the amount fixed is not out of all proportion to the probable loss, the amount is deemed to have been intended as enforceable liquidated damages." *Taylor v. Sanders*, 233 Va. 73 at 75 (1987). Otherwise, the clause imposes a penalty unrelated to actual damages and unenforceable by the Courts. *Id.*, 233 Va. 73 (1987).

This Court need not determine whether the amount fixed was in proportion to the probable loss. The damages were readily ascertainable at the time the contract was entered into. The rental fee and term were fixed. Should landlord not re-enter, the parties need only to determine the date of breach in order to calculate the actual damages. If the landlord re-entered, only the duration of the vacancy must be obtained. Absence of either the date of breach or the duration of vacancy at the time the contract was entered into does not render damages uncertain. Otherwise, damages resulting from breach of contract are never ascertainable. Plaintiff knew at the time the contract was entered into exactly what its damages would be for each and every month that the property lay vacant during the term of the lease.