# 301 DAHLGREN LIMITED PARTNERSHIP

### V.

## BOARD OF SUPERVISORS OF KING GEORGE COUNTY, ACTING FOR AND ON BEHALF OF DAHLGREN SANITARY DISTRICT

Record No. 891480

September 21, 1990

Present: All the Justices

Charles G. Snead (Billingsley and Snead, on brief), for appellant.

H. Harrison Braxton, Jr. (Willis, Braxton, Ashby & Bass, on brief), for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The dispositive issue in this appeal is whether a forfeiture is enforceable.

301 Dahlgren Limited Partnership (the Partnership) sued the Board of Supervisors of King George County (the Board), acting for and on behalf of the Dahlgren Sanitary District (the District), to recover fees paid by the Partnership to the Board for water and sewer availability and for connection. In a bench trial, the Partnership presented its evidence and rested its case. The Board rested its case without presenting any evidence and moved for summary judgment. The trial court granted summary judgment in favor of the Board, and the Partnership appeals.

In February 1987, the Partnership applied for water and sewer service connections in the District. The written applications (the contract) provided for a deposit of 25 percent of the total fee, with the remainder payable within 180 days. Accordingly, in April 1987, the Board accepted the Partnership's check for $71,250 as the deposit. Immediately after receiving the deposit, the Board placed a moratorium on further applications for service connections.

During the 180-day period, the Partnership decided to sell the water and sewer availability and obtained a buyer therefor. The

Board, taking the position that the Partnership could not sell and assign its rights, refused to accept the buyer's check for $71,250. Thereupon, the Partnership requested that its entire deposit be returned. The Board, however, pursuant to a forfeiture provision in its ordinance, returned only one-half of the deposit, less certain uncontested charges.

The ordinance that established the District's operating policy contained the following provision:

> Default in payment of service charges for an allocated but unconnected water or sewer connection, in excess of thirty days after becoming due, shall constitute a forfeiture of such allocation. In event of forfeiture, the applicant shall be entitled to a refund of 50% of availability charges paid by such applicant, upon his written application for such refund, if filed with the Administrator of the Sanitary District within thirty days following such forfeiture.

This provision was not made a part of the contract but the Board furnished the Partnership with a copy of the ordinance at the time the applications were submitted and before the deposit was accepted.

The Partnership contends in this appeal, as it did at trial, that (1) the provisions of the Sanitary District Act, especially Code §§ 21-118 and -118.4, did not empower the Board to enact the ordinance's forfeiture provision; and (2) even if the Board had authority to enact the forfeiture provision, (a) the provision was not part of the contract, and (b) even if it were a part of the contract, the forfeiture constituted an unenforceable penalty.*

We will assume, without deciding, that the Board was empowered to enact the forfeiture provision and that it was a part of the contract between the parties. We will determine, therefore, whether the forfeiture is enforceable.

Generally, parties to a contract may agree in advance about the amount to be paid as compensation for loss or injury which may result from a breach of the contract "[w]hen the actual damages contemplated at the time of the agreement are uncertain and difficult to determine with exactness and when the

---

* The Partnership also contends that the trial court erred in ruling that the contract was non-assignable. Because the conclusion we reach is dispositive of the case, we need not address that contention.

amount fixed is not out of all proportion to the probable loss." *Taylor* v. *Sanders*, 233 Va. 73, 75, 353 S.E.2d 745, 746-47 (1987); *accord Crawford* v. *Heatwole*, 110 Va. 358, 359-61, 66 S.E. 46, 47-48 (1909). However, when the damages resulting from the breach are susceptible of definite measurement or when the agreed amount would be grossly in excess of actual damages, courts usually construe such an agreement to be an unenforceable penalty. *Taylor*, 233 Va. at 75, 353 S.E.2d at 747; *Crawford*, 110 Va. at 360, 66 S.E. at 47.

■■■ Facially, the forfeiture provision appears to be a penalty. Furthermore, the record is devoid of any evidence that the Board sustained damages as a result of the Partnership's default in payment of the remainder of the fees. Based on the record before us, the amount fixed is grossly in excess of, and out all proportion to, actual damages.

Accordingly, we will reverse the trial court's judgment and enter judgment in favor of the Partnership in the amount for which it sued.

*Reversed and final judgment.*