## CIRCUIT COURT OF FAIRFAX COUNTY

Christopher A. Sands

v.

Renaissance At Caris Glenne, Inc.

July 10, 1996

Case No. (Law) 141903

BY JUDGE DENNIS J. SMITH

The case before the Court arises out of a sales contract entered into by Plaintiff Christopher Sands and Defendant Renaissance At Caris Glenne, Inc., a builder, for the construction and purchase of a new home. After a two-day trial which began on June 3, 1996, and in which the parties presented evidence and arguments regarding the merits of the case, the jury returned a verdict in favor of Plaintiff for $10,485.00. The sole issue remaining for the Court's consideration is whether to grant Defendant's Motion to Strike Plaintiff's Evidence on the ground that paragraph 15(b) of the parties' contract, a liquidated damages clause, precludes Plaintiff's recovery.

The relevant facts as they were presented to the Court at trial are as follows. On February 6, 1996, Plaintiff and Defendant entered into a New Home Sales Agreement through which Defendant contracted to construct, and Plaintiff contracted to purchase, a new home in the Caris Glenne subdivision. Subsequent to execution of the contract, a dispute arose between the parties regarding the home's construction and design. Specifically, Defendant disagreed with Plaintiff's contention that three sides of the home, as opposed to merely one, should be stone. Additionally, the parties disagreed on Defendant's obligation to paint certain trim, ceilings, and walls in the home's interior. These disputes were never resolved, and after Defendant built the home without a three-sided stone exterior and without painting the disputed areas inside the home, Plaintiff went to settlement on the home but specifically reserved his rights with regard to

these claims. Significantly, paragraph 18(b) of the contract specifically provides that the terms and provisions of the contract survive settlement. After settlement, Plaintiff filed this suit seeking, *inter alia*, the cost required to complete building by providing stucco and stone on the additional two sides and by painting.

At the close of Plaintiff's case in chief and again at the conclusion of all of the evidence, Defendant moved to strike Plaintiff's evidence on the ground that the parties' contract contains a valid and exclusive liquidated damages provision which precludes Plaintiff's recovery. The Court took these motions under advisement and provided the jury with a verdict form which contained a finding precluding Plaintiff's recovery "solely by the provisions of paragraph 15(b) of the contract," which provides as follows:

> In the event that this Contract is not performed by Seller in accordance with its terms and provisions, Seller being in default and Purchaser not being in default hereunder, Purchaser may, as Purchaser's sole and exclusive remedy hereunder, terminate this contract by giving prompt written notice thereof to Seller, and Seller, upon receipt of such notice, shall forthwith return to Purchaser all sums theretofore paid by Purchaser to Seller hereunder, such sums being agreed upon as liquidated damages as a result of Seller's default because of the difficulty and uncertainty of ascertaining actual damages. No other damages, rights, or remedies (whether or not Purchaser shall elect to terminate this Contract) shall in any case be collectible, enforceable, or available to Purchaser, and Purchaser agrees to accept and take said cash payment as Purchaser's total damages and relief hereunder in such event.

Read as a whole, this clause of the contract is a liquidated damages provision. According to the law of liquidated damages in Virginia, parties to a contract may agree in advance on the amount of recoverable damages in the event of default by one of the parties as long as that amount does not constitute a penalty. *See Taylor v. Sanders*, 233 Va. 73, 75 (1987). In evaluating the validity of such a provision, the Court must examine both the actual damages incurred and the foreseeability of those damages by the parties at the time they entered into the contract. If actual damages were "uncertain or difficult to determine with exactness" and if the amount fixed by the parties was not disproportionate to the probable loss, the provision will be upheld. *Id.* However, if the resulting damage from

breach "is susceptible of definite measurement . . . or [if] the stipulated amount would be grossly in excess of actual damages," the provision is unenforceable and must be stricken from the parties' contract. *Id.*

In the case at hand, the damages at issue involve costs to Plaintiff resulting from Defendant's failure to provide stone on two sides of the home and failure to paint certain portions of the home's interior. After hearing testimony by Plaintiff's witness, Mr. Groves, regarding the cost to correct these defects, the Court finds that these damages are easily ascertainable and can be determined with specificity. Therefore, the Court holds that paragraph 15(b) of the parties' contract is an invalid and unenforceable penalty, denies Defendant's motion to strike Plaintiff's evidence, and affirms the jury's verdict for Plaintiff in the amount of $10,485.00.