PRESENT:  All the Justices

WILLIAM E. O'BRIAN, JR., ET AL.

v. Record No. 972717    OPINION BY JUSTICE CYNTHIA D. KINSER
                                        November 6, 1998
LANGLEY SCHOOL

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N.A. Kendrick, Judge


This appeal concerns a liquidated damages clause requiring parents to pay tuition for an entire academic year to a school for failure to give timely notice of their decision to withdraw their daughter from the school. Because the circuit court entered summary judgment for the school before permitting the parents to conduct discovery with regard to their defense that the clause is an unenforceable penalty, we will reverse the judgment of the circuit court.

I.

William E. O'Brian, Jr., and Fern P. O'Brian (the O'Brians) enrolled their daughter as a student at Langley School (Langley) for the 1995-96 academic year.  On February 29, 1996, the O'Brians executed the "Langley School 1996-97 Membership Agreement" (the Agreement) to enroll their daughter in the second grade for the ensuing academic year.  Pursuant to the Agreement, they paid a deposit in the amount of $1,055 to Langley.  The O'Brians

subsequently decided to withdraw their daughter from Langley, and, in a letter dated June 13, 1996, they notified Langley of their decision.

In response, Langley informed the O'Brians in two separate letters dated June 18 and June 20, 1996, that they were obligated to pay the entire amount of the 1996-97 tuition because they had not timely notified Langley of their decision to withdraw their daughter. Langley based its demand on paragraphs D(1) and (4) of the Agreement. These paragraphs state:

D. WITHDRAWALS AND REFUNDS:

1. All withdrawals MUST BE made by June 1, 1996, as follows:
   a. The withdrawal must be made in writing stating the name and grade of the child(ren) to be withdrawn.
   b. This notice must be received by an authorized administrative employee of the School no later than 4:30 p.m. on June 1, 1996.

* * * *

4. IT IS UNDERSTOOD THAT THERE SHALL BE NO REFUND OF OR RELIEF FROM ANY PORTION OF THE FULL TUITION OR ANY OTHER OBLIGATION ACCEPTED HEREIN FOR ANY REASON IF WRITTEN NOTICE OF WITHDRAWAL OF ANY CHILD IS NOT RECEIVED IN ACCORDANCE WITH THE ABOVE PROCEDURE. SINCE DAMAGE TO THE SCHOOL DUE TO SUCH A WITHDRAWAL WOULD BE DIFFICULT TO DETERMINE, MEMBER AGREES TO PAY AGREED-UPON TUITION AS LIQUIDATED DAMAGES, TOGETHER WITH ANY COURT COSTS AND/OR LEGAL FEES THE SCHOOL MAY BE OBLIGED TO INCUR IN THE COLLECTION OF SUCH LIQUIDATED DAMAGES IN THE EVENT OF WITHDRAWAL AFTER JUNE 1, 1996.

2

The O'Brians refused to pay the agreed-upon tuition as liquidated damages. Consequently, Langley filed a motion for judgment on September 4, 1996, alleging that the O'Brians had breached the terms of the Agreement. Langley sought judgment against the O'Brians for the tuition that was due under the Agreement, plus late fees and attorney's fees.

During pretrial proceedings, the O'Brians submitted written interrogatories to Langley. In one of the interrogatories, the O'Brians asked Langley whether it had made reasonable efforts to fill the spot made available by the withdrawal of the O'Brians' daughter. In response, Langley stated that it "does not so contend because it has no obligation to do so by virtue of" the Agreement. Langley either partially answered or objected to the remaining interrogatories. The O'Brians then filed a motion to compel discovery, which the circuit court denied. Thereafter, Langley moved for summary judgment. After considering memorandum and oral argument from both parties, the circuit court granted Langley's motion and entered judgment on October 3, 1997, against the O'Brians in the amount of $9,745, plus late payment fees from June 1, 1996, and an attorney's fee in the amount of $8,900. The O'Brians appeal.

The dispositive issue in this case is whether the circuit court erred by awarding summary judgment before permitting the O'Brians to conduct discovery with regard to their defense that paragraph D(4) of the Agreement is not a valid liquidated damages clause.  Langley asserts that the circuit court did not err because the O'Brians were asserting a defense that is not legally cognizable.  We do not agree.

We have previously enunciated the test for determining the validity of a liquidated damages clause:

> [P]arties to a contract may agree in advance about the amount to be paid as compensation for loss or injury which may result from a breach of the contract "[w]hen the actual damages contemplated at the time of the agreement are uncertain and difficult to determine with exactness and when the amount fixed is not out of all proportion to the probable loss."

301 Dahlgren Ltd. Partnership v. Bd. of Supervisors of King George County, 240 Va. 200, 202-03, 396 S.E.2d 651, 653 (1990) (quoting Taylor v. Sanders, 233 Va. 73, 75, 353 S.E.2d 745, 746-47 (1987)).  However, a liquidated damages clause will be construed as an unenforceable penalty "when the damage resulting from a breach of contract is susceptible of definite measurement, or where the stipulated amount would be grossly in excess of actual damages."  Brooks v. Bankson, 248 Va. 197, 208, 445 S.E.2d

4

473, 479 (1994) (citing Taylor, 233 Va. at 75, 353 S.E.2d at 747); accord 301 Dahlgren, 240 Va. at 203, 396 S.E.2d at 653.

The fact that a party enters into a contract containing a liquidated damages clause does not prevent that party from later litigating the validity of the clause. The party opposing the imposition of liquidated damages is entitled to conduct discovery and present relevant evidence that the damages resulting from breach of the contract are susceptible of definite measurement or that the stipulated damages are grossly in excess of the actual damages suffered by the nonbreaching party. Upon proof of either of these elements, a liquidated damages clause becomes an unenforceable penalty. Brooks, 248 Va. at 208, 445 S.E.2d at 479.

As the party challenging the validity of paragraph D(4) of the Agreement, the O'Brians bear the burden of proof on that issue. First Nat. Bank of Chicago v. Atlantic Tele-Network Co., 946 F.2d 516, 522 (7th Cir. 1991); Little v. Rohauer, 707 P.2d 1015, 1017 (Colo. App. 1985); St. Margaret's-McTernan School, Inc. v. Thompson, 627 A.2d 449, 451 (Conn. App. 1993); Joyce's Submarine Sandwiches, Inc. v. California Pub. Employees' Retirement Sys., 395 S.E.2d 257, 259 (Ga. App. 1990); Rodriguez v.

5

Learjet, Inc., 946 P.2d 1010, 1014 (Kan. App. 1997);

Shallow Brook Assoc. v. Dube, 599 A.2d 132, 138 (N.H.

1991); Metlife Capital Fin. Corp. v. Washington Ave.

Assoc., L.P., 713 A.2d 527, 534 (N.J. Super. A.D. 1998);

P.J. Carlin Constr. Co. v. City of New York, 399 N.Y.S.2d

13, 14 (N.Y.A.D. 1977); R. Conrad Moore & Assoc., Inc. v.

Lerma, 946 S.W.2d 90, 95 (Tex. App. 1997); Young Elec. Sign

Co. v. United Standard West, Inc., 755 P.2d 162, 164 (Utah

1988); but see AT&T Info. Sys., Inc. v. Smith, 593 So.2d

673, 676 (La. App. 1991); Pacheco v. Scoblionko, 532 A.2d

1036, 1039 (Me. 1987); Story v. City of Bozeman, 856 P.2d

202, 215 (Mont. 1993); Fisher v. Schmeling, 520 N.W.2d 820,

822 (N.D. 1994); Patterson v. Anderson Motor Co., Inc., 319

S.W.2d 492, 501 (Tenn. App. 1958).  We believe this

allocation of the burden of proof is appropriate since the

O'Brians initially assented to the clause when they signed

the Agreement.  Moreover, the purpose of a liquidated

damages provision is to obviate the need for the

nonbreaching party to prove actual damages.  This purpose

would not be served if the nonbreaching party, instead of

proving actual damages, had to show that "the damage

resulting from a breach of contract is [not] susceptible of

definite measurement" and that "the stipulated amount [is

not] grossly in excess of actual damages."  Brooks, 248 Va.

6

at 208, 445 S.E.2d at 479.  However, if the O'Brians are successful in proving that paragraph D(4) is an unenforceable penalty, Langley must then prove its actual damages as in any breach of contract action where the contract does not contain a liquidated damages provision. Stony Creek Lumber Co. v. Fields & Co., 102 Va. 1, 7-8, 45 S.E. 797, 799 (1903); accord Metlife, 713 A.2d at 537; Rodriquez, 946 P.2d at 1013-14.

In the present case, the circuit court precluded any inquiry into the validity of the liquidated damages clause by denying the O'Brians' motion to compel and subsequently awarding summary judgment before hearing any relevant evidence on the issue.  Generally, the granting or denying of discovery is a matter within the discretion of the trial court and will not be reversed on appeal unless "the action taken was improvident and affected substantial rights." Rakes v. Fulcher, 210 Va. 542, 546, 172 S.E.2d 751, 755 (1970).  However, the court's actions here substantially affected the O'Brians' ability and right to litigate the validity of the liquidated damages clause.

For these reasons, we will reverse the judgment of the circuit court and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.