## CIRCUIT COURT OF THE CITY OF WINCHESTER

Ameritech Construction Corp.

v.

William F. Cummings, III

January 13, 2005

Case No. (Law) 04-215

BY JUDGE JOHN E. WETSEL, JR.

This case comes before the Court on the Defendant's Motion to Dismiss on the basis that a liquidated damage clause in the parties's contract is invalid as a matter of law. Ameritech is suing Cummings for his alleged breach of its pre-printed contract. In the contract, Ameritech agrees to furnish and install seventeen replacement windows in Cummings' residence for the contract price of $17,417.00. Alleging that Cummings wrongfully terminated the contract, Ameritech seeks to recover from Cummings liquidated damages of $5,225.10 plus its reasonable attorney's fees. Cummings has filed a motion to dismiss claiming that the contractual liquidated damage clause is invalid as a matter of law.

### I. Conclusions of Law

In *O'Brian v. Langley School*, 256 Va. 547, 550-52, 507 S.E.2d 363 (1998), the Supreme Court reviewed in detail the principles governing the enforcement of liquidated damages clauses:

> We have previously enunciated the test for determining the validity of a liquidated damages clause: "[P]arties to a contract may agree in advance about the amount to be paid as compensation for loss or injury which may result from a breach of the contract 'when the

actual damages contemplated at the time of the agreement are uncertain and difficult to determine with exactness and when the amount fixed is not out of all proportion to the probable loss'." *301 Dahlgren, Ltd. Partnership v. Board of Supervisors of King George County,* 240 Va. 200, 202-03, 396 S.E.2d 651, 653 (1990) (quoting *Taylor v. Sanders,* 233 Va. 73, 75, 353 S.E.2d 745, 746-47 (1987)). However, a liquidated damages clause will be construed as an unenforceable penalty "when the damage resulting from a breach of contract is susceptible of definite measurement, or where the stipulated amount would be grossly in excess of actual damages." *Brooks v. Bankson,* 248 Va. 197, 208, 445 S.E.2d 473, 479 (1994), citing *Taylor,* 233 Va. at 75, 353 S.E.2d at 747); accord *301 Dahlgren,* 240 Va. at 203, 396 S.E.2d at 653.

The fact that a party enters into a contract containing a liquidated damages clause does not prevent that party from later litigating the validity of the clause. The party opposing the imposition of liquidated damages is entitled to conduct discovery and present relevant evidence that the damages resulting from breach of the contract are susceptible of definite measurement or that the stipulated damages are grossly in excess of the actual damages suffered by the nonbreaching party. Upon proof of either of these elements, a liquidated damages clause becomes an unenforceable penalty. *Brooks,* 248 Va. at 208, 445 S.E.2d at 479.

As the party challenging the validity of paragraph D(4) of the Agreement, the O'Brians bear the burden of proof on that issue. [Citations omitted.] We believe this allocation of the burden of proof is appropriate since the O'Brians initially assented to the clause when they signed the Agreement. Moreover, the purpose of a liquidated damages provision is to obviate the need for the nonbreaching party to prove actual damages. This purpose would not be served if the nonbreaching party, instead of proving actual damages, had to show that "the damage resulting from a breach of contract is [not] susceptible of definite measurement" and that "the stipulated amount [is not] grossly in excess of actual damages." *Brooks,* 248 Va. at 208, 445 S.E.2d at 479. However, if the O'Brians are successful in proving that paragraph D(4) is an unenforceable penalty, Langley must then prove its actual damages as in any breach of contract action where the contract does not contain a liquidated damages provision. *Stony Creek Lumber Co.*

v. *Fields & Co.*, 102 Va. 1, 7-8, 45 S.E. 797, 799 (1903); accord *Metlife*, 713 A.2d at 537; *Rodriguez*, 946 P.2d at 1013-14.

There are two prongs to the viability of a liquidated damage clause. Firstly, whether "the actual damages contemplated at the time of the agreement are uncertain and difficult to determine with exactness and [secondly, whether] . . . the amount fixed is not out of all proportion to the probable loss." *O'Brian, supra*, at 550. While the Supreme Court has never pronounced an absolute rule as to the permissible percentage that the liquidated damages bear to the total contract amount, the second prong is a material consideration when considering the enforceability of the provision. For example, in the recent cases considered by the Supreme Court, ten percent of the total contract price is the maximum amount of liquidated damages that have been upheld as a valid amount. *Brooks v. Bankson*, 248 Va. 197, 200 (1994) (10% of the purchase price of real property upheld); *Dahlgren, L.P. v. King George County*, 240 Va. 200 (1990) (12.5% of the total amount of the sewer and water fees paid to the county was found to be "grossly in excess of, and out of all proportion to, actual damages" and consequently an unlawful forfeiture); and *Taylor v. Sanders*, 233 Va. 73, 76 (1987) (5% of the purchase price of real property upheld). However, none of these cases are for the sale of manufactured goods, so they offer scant instruction except on the general principles of law.

In this case ,the liquidated damages are 30% of the total contract price, and it remains to be proven whether this amount is "grossly in excess of, and out of all proportion to, actual damages." The cases offer little guidance as to the proper proportion between the liquidated damages and the actual damages, but the general policy of the law is that the liquidated damages approximate the actual damages and not result in an impermissible forfeiture. The Restatement (Second) of Contracts § 356, comment b, provides guidance as to the test for the amount of the liquidated damages:

> The first factor is the anticipated or actual loss caused by the breach. The amount fixed is reasonable to the extent that it approximates the actual loss that has resulted from the particular breach, even though it may not approximate the loss that might have been anticipated under other possible breaches. Furthermore, the amount fixed is reasonable to the extent that it approximates the loss anticipated at the time of the making of the contract, even though it may not approximate the actual loss. The second factor is the difficulty of proof of loss. The greater the difficulty either of

proving that loss has occurred or of establishing its amount with the requisite certainty, the easier it is to show that the amount fixed is reasonable. To the extent that there is uncertainty as to the harm, the estimate of the court or jury may not accord with the principle of compensation any more than does the advance estimate of the parties.

In this case, the defendant claims that the damages resulting from the breach are susceptible of definite measurement; therefore, liquidated damages are not proper. There are many unanswered factual questions, such as are the windows in fact unique and custom made or are they standard sizes which are simply retrieved from inventory? If the windows are custom made, what are the costs of production of the windows? What is the amount of the plaintiff's overhead, etc.? All of these are considerations in assessing the plaintiff's actual damages and the attendant question of the lawful validity of the liquidated damages in terms of the Defendant's affirmative defense. Therefore, this case is not ripe for summary judgment, and the Defendant is entitled to prove that the plaintiff's damages are "susceptible of definite measurement." Insofar as the burden of proof is concerned, these liquidated damage cases are a paradox, because the Defendant, as an affirmative defense, must prove the plaintiff's actual damages in order to vitiate the liquidated damages clause. If the Defendant can prove the Plaintiff's damages with reasonable certainty, then the liquidated damage provision is not valid, and the plaintiff only recovers its actual damages. Conversely, if the defendant cannot prove the plaintiff's damages, then the plaintiff recovers its liquidated damages, because the uncertainty or inability to prove the plaintiff's damages is the justification for the liquidated damage clause.

## II. *Decision*

For the forgoing reasons, it is adjudged and ordered that the Defendant's Motion to Dismiss is denied.

The Clerk is directed to send a copy of this order to counsel of record, who shall file such objections hereto as deemed advisable within ten days of their receipt of a copy of this order. Endorsement is dispensed with pursuant to Supreme Court Rule 1:13.