## CIRCUIT COURT OF THE CITY OF NORFOLK

Shirland Arms Corp.

v.

Hall Construction, Inc.

Case No. (Law) L04-2331

BY JUDGE JOHN C. MORRISON, JR.

April 27, 2005

The above-styled matter has been assigned to me for handling. This was done because there was yet one unresolved issue in the heretofore filed demurrer that was filed by the defendant. It is my understanding that that is the only issue remaining and that it involves whether or not the Virginia Consumer Protection Act applies to this transaction as a "consumer transaction."

I have reviewed the authorities, and I am of the opinion that the Virginia Consumer Protection Act applies in this case.

May 12, 2005

This case came before the Court on May 9, 2005, on Defendants' demurrer to Plaintiff's Amended Motion for Judgment. The Court has heard oral arguments and examined the submitted briefs.

Plaintiff, Shirland Arms Corporation (Shirland Arms), is a cooperative association formed under the Virginia Real Estate Cooperative Act (VRECA) pursuant to Title 55, Chapter 24, of the Code of Virginia. On December 5, 2003, Shirland Arms contracted with Defendant, Hall Construction, Inc., through its agent Defendant, James M. Hall, to repair storm and water damage caused by Hurricane Isabel to six different co-op apartment units located in

Norfolk, Virginia. (Defendants will be collectively referred to as Hall.) Shirland Arms and Hall contractually agreed to an estimated completion date of February 1, 2004. The contract contained a clause stating that Hall would pay $100.00 per day to Shirland Arms for every day that work was not completed after February 1, 2004.

Shirland Arms filed an Amended Motion for Judgment alleging that Hall did not finish all of the contractually mandated repairs in a timely or satisfactory manner. Count I is a breach of contract count; Count II charges fraud in the penalty clause; Count III charges fraud as to the date of completion of the contract; and Counts IV and V charge a violation of the Virginia Consumer Protection Act (VCPA). Hall demurs to Counts II, III, IV, and V of Plaintiff Shirland Arms' Amended Motion for Judgment.

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Rds., Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally, on demurrer, the court may consider the substantive allegations of the pleading, in addition to any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Va. Sup. Ct. R. 1:4(i)). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988) (citations omitted).

Defendants demur generally that the Amended Motion for Judgment fails to allege any misrepresentation of a material fact that is actionable at law or under the Virginia Consumer Protection Act. *See* Va. Code Ann. § 59.1-196 *et seq.*

"A misrepresentation of fact is a necessary element of proof to [a] claim for common law fraud and the claim for a violation of the Consumer Protection Act." *Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 711, 553 S.E.2d 714, 716 (2001). Each element of an allegation of fraud must be pleaded with particularity. *Mortarino v. Consultant Engineering Services*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996) (stating where fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defense accordingly, and since [fraud] must be clearly proved it must be distinctly stated). "Allegations of misrepresentation of fact must be pleaded with the requisite specificity,

including identification of the agents, officers, and employees of the entities who are alleged to have perpetrated the fraud and the details of the time and place of the fraudulent acts." *Weiss v. Cassidy Devel. Corp.*, 61 Va. Cir. 237, 244 (Fairfax 2003) (citation omitted). The elements necessary to state a claim of actual fraud are: (1) a false representation (2) of a material fact (3) made intentionally or knowingly (4) with the intent to mislead (5) reliance by the misled party and (6) injury. *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984). The burden is upon the party charging fraud to prove it by clear and convincing evidence. *Id.*

Defendants specifically demur to Count II of the Amended Motion for Judgment regarding fraud as to the penalty clause for failing to allege a material misrepresentation of fact.

The Amended Motion for Judgment indicates that (1) James M. Hall believed, when negotiating the contract, that the penalty clause was enforceable (¶ 31 of Amended Motion for Judgment), (2) the penalty clause was a material fact that influenced Plaintiff to enter into a contract with Defendants (¶ 34 of Amended Motion for Judgment), (3) Defendants knowingly and intentionally agreed to the penalty clause (¶ 35 of Amended Motion for Judgment), (4) with intent to mislead Plaintiff (¶ 35 of Amended Motion for Judgment), (5) Plaintiff relied on Defendants' agreement about the penalty clause by entering into the contract (¶ 36 of Amended Motion for Judgment), and (6) damages resulted (¶ 37 of Amended Motion for Judgment).

The Court finds that the first element for a claim of actual fraud, that a false representation was made, is not sufficiently alleged in the Amended Motion for Judgment. All that is stated is that, when James M. Hall entered the contract, he "believed" that the penalty clause provision was enforceable and that Hall's use of the penalty clause "produced a false or misleading impression of fact in the mind of Plaintiff." (¶¶ 31, 33 of Amended Motion for Judgment). If both parties believed at the time of contracting that the penalty clause was valid, no false misrepresentation was made regarding the clause.

For a claim of fraud, the misrepresentation must be related to a material fact. *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984). "It is well settled that a misrepresentation, the falsity of which will afford grounds for an action for damages, must be of an existing fact, and not a mere expression of an opinion. The mere expression of an opinion, however strong and positive the language may be, is no fraud." *Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 712, 553 S.E.2d 714, 717 (2001) (citations omitted). The parties' belief that the $100.00 penalty clause was enforceable is not an allegation of a material fact, but an expression of an opinion as to the

legality and enforceability of the penalty clause. The Court finds that the second element for a claim of actual fraud, that a material fact be involved, is not sufficiently alleged in the Amended Motion for Judgment. The Court sustains Defendant's demurrer to Count II of the Amended Motion for Judgment.

Defendants specifically demur to Count III of the Amended Motion for Judgment regarding fraud as to the date of completion of the contract for failing to allege a material misrepresentation of fact.

The Amended Motion for Judgment indicates that (1) Hall knew at the time of negotiating the terms of the contract that the deadline would be difficult to meet and misrepresented the resources it had available to timely perform the contract (¶¶ 45, 48 of Amended Motion for Judgment), (2) that Defendants had the resources to complete the contract was a material fact that induced Plaintiff to enter the contract (¶ 49 of Amended Motion for Judgment), (3) Hall knowingly or intentionally agreed to the completion date (¶ 50 of Amended Motion for Judgment), (4) with the intent to mislead Plaintiff (¶ 50 of Amended Motion for Judgment), (5) Plaintiff relied on Defendants' assertions (¶ 52 of Amended Motion for Judgment), and (6) damages resulted (¶ 52 of Amended Motion for Judgment).

The Court finds that a misrepresentation of material fact is not sufficiently alleged in the Amended Motion for Judgment as it applies to the completion of the contract. Plaintiff referred to the February 1, 2004, completion date as an "estimated completion date" in the Amended Motion for Judgment. (¶ 48 of Amended Motion for Judgment.) As such, even if Hall knew that it would be unable to fully perform the contract by the agreed upon date, there is not a false representation since the date contained in the contract is an estimate, not a firm completion date. (¶ 48 of Amended Motion for Judgment.) In addition, knowing at the time of contracting that the contract deadline, including materials and labor, would be "difficult to meet given the overwhelming demand in the Hampton Roads area for the services of contractors to repair the damages left by Hurricane Isabel" does not preclude meeting the deadline and does not constitute the misrepresentation of a material fact. (¶ 45 of Amended Motion for Judgment.)

Plaintiff argues separately in Count III that the fraud lies in the misrepresentation by Defendants' as to the resources that were available so as to timely perform the contract. (¶ 48 of Amended Motion for Judgment.) Plaintiff asserts that the material fact that induced Plaintiff to enter the contract was that Defendants had the resources to complete the contract. (¶¶ 48, 49 of Amended Motion for Judgment.) The Court finds that the estimated completion date includes the necessary materials and labor required for

completion by that date. Thus, no false representation exists regarding the resources available for the date of completion because the term "estimated" was used, implying that Hall believed that it would have the materials and labor available to complete the project by the estimated date. The Court sustains Defendants' demurrer to Count III of the Amended Motion for Judgment.

Defendants demur to Counts IV and V of the Amended Motion for Judgment for failing to state a claim based upon a consumer transaction under the VCPA and failing to state a fraudulent misrepresentation as required by the VCPA. Va. Code Ann. § 59.1-196 *et seq.*

In the Amended Motion for Judgment, Plaintiff asserts that the transactions of this contract fall within the meaning of "consumer transaction" as defined in Virginia Code § 59.1-198 under the VCPA. In Count IV of the Amended Motion for Judgment, Plaintiff alleges that the matter referred to in Count II regarding fraud as to the penalty clause is a prohibited practice under Virginia Code § 59.1-200. In Count V, Plaintiff asserts that the matter referred to in Count III regarding fraud as to the date of completion of the contract is a prohibited practice under Virginia Code §§ 59.1-200(A)(5) and 59.1-200(A)(6).

By a letter opinion on April 27, 2005, the Court overruled this ground to Hall's original demurrer to the Motion for Judgment, finding that the VCPA applies to this transaction as a "consumer transaction." In reviewing the demurrer to the Amended Motion for Judgment, the Court does not sway from its determination that this is a consumer transaction as intended under the VCPA. However, in order to have an action for a violation under the VCPA, "a misrepresentation of fact is a necessary element of proof." *Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 711, 553 S.E.2d 714, 716 (2001); *Weiss v. Cassidy Development Corp.*, 61 Va. Cir. 273, 244 (Fairfax 2003) (citing *Lambert*). Because the Court finds no misrepresentation of facts in Counts II and III of the Amended Motion for Judgment, the Court sustains Defendants' demurrer as to Counts IV and V under the VCPA.

Defendants demur on the ground that Shirland Arms' claims for late charges in the amount of $27,000 constitutes an unenforceable penalty. The original Motion for Judgment referred to the penalty of $100.00 per day as a penalty clause. On February 25, 2005, an Order was signed relating to the original Motion for Judgment which sustained Hall's demurrer on the grounds that Shirland Arms' claim for late charges in the amount of $27,000 constituted an unenforceable penalty. To the extent that this late fee is a penalty, the Court upholds its earlier decision and finds that, if treated as a penalty, the late fee is unenforceable.

The Amended Motion for Judgment pleads in the alternative that the amount calculated based on the $100.00 late fee is either a penalty or liquidated damages. (¶¶ 25, 26 of Amended Motion for Judgment.) Plaintiff claims that the amount of liquidated damages is $42,100 and is ongoing at $100.00 per day until payment is made. Defendants urge the Court to ignore the self-serving characterization of the $100 per day penalty as "liquidated damages" and construe the language in the contract contained in Exhibits A and B to conclude that the clause is a penalty clause that is unenforceable under Virginia law.

The Court construes the contract which the parties have made and does not "make a contract for them." *Standard Banner Coal Corp. v. Rapoca Energy Co.*, 265 Va. 320, 325, 576 S.E.2d 435, 437 (2003) (citation omitted). The words in a contract are given their plain meaning when the terms are clear and unambiguous. *Id.* "No word or clause in a contract will be treated as meaningless if a reasonable meaning can be given to it, and the parties are presumed not to have included needless words in a contract." *Id.*

The issue now before the Court is when a contract uses the term "penalty" to describe a late fee, whether this late fee can be considered as liquidated damages instead of as an unenforceable penalty. Courts do not necessarily give conclusive effect to the parties' descriptions of stipulated sums as ones for liquidated damages, penalties, or forfeitures. *See Brooks v. Bankson*, 248 Va. 197, 445 S.E.2d 473 (1994); *Taylor v. Sanders*, 557 P.2d 1017, 1020 (1976). Thus, the use of the word "penalty" is not determinative in and of itself. In *Crawford v. Heatwole & Hedrick*, the Court stated:

Where an amount stipulated as liquidated damages would be grossly in excess of the actual damages, [courts] have leaned to hold it a penalty. Where the actual damages were uncertain and difficult of ascertainment, they have leaned to hold the stipulated amount to have been intended as liquidated damages. No form of words has been regarded as controlling. But the fundamental rule, so often announced, is that the construction of these stipulations depends, in each case, upon the intent of the parties, as evidenced by the entire agreement construed in the light of the circumstances under which it was made.

*Crawford v. Heatwole & Hedrick*, 110 Va. 358, 360, 66 S.E. 46, 47 (1909). *See Perez v. Capital One Bank*, 258 Va. 612, 616, 522 S.E.2d 874, 875-76 (1999); *301 Dahlgren, Ltd. Partnership v. Board of Supvrs.*, 240 Va. 200, 202-03, 396

S.E.2d 651, 653 (1990); *Taylor v. Sanders*, 233 Va. 73, 75, 353 S.E.2d 745, 746-47 (1987).

The entire amount for the contract was $29,000. (¶ 25 of Amended Motion for Judgment and Exhibit B.) Plaintiff now seeks liquidated damages in the amount of $420,100. (¶ 25 of Amended Motion for Judgment.) This amount is grossly in excess of the actual damages. Thus, the Court deems this amount to be an unenforceable penalty.

The Court sustains Defendants' demurrer as to Counts II, III, IV, and V of the Amended Motion for Judgment. The Court also sustains Defendants' demurrer as to the excessive amount sought in liquidated damages.