Present: Hassell, C.J., Keenan, Koontz, Kinser, and Agee, JJ.,
and Carrico and Lacy[1], S.JJ.

BOOTS, INC.

OPINION BY
v.  Record No. 062430        SENIOR JUSTICE HARRY L. CARRICO
                             September 14, 2007
PREMPAL SINGH

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

This is an appeal in an interpleader action involving a

provision in a real estate contract that makes a cash deposit

non-refundable in certain circumstances.  The question presented

is whether the provision is a valid liquidated damages clause or

an impermissible penalty or forfeiture.  The circuit court

construed the provision as a penalty or forfeiture and ordered

the deposit refunded.  Finding the circuit court erred, we will

reverse its judgment.

The evidence shows that on September 3, 2003, Boots, Inc.

(Boots), the owner of Denny's Restaurant in Hopewell, entered

into a contract for the sale of the restaurant to Prempal Singh

(Singh) for $1,500,000.00, with a $50,000.00 deposit to be held

in escrow by the closing attorneys.  The contract contained the

following provision:

> This Agreement is contingent on Purchaser obtaining
> financing for 80% of the purchase price with terms and
> conditions satisfactory to Purchaser.  Purchaser shall have

---

[1] Justice Lacy participated in the hearing and decision of
this case prior to the effective date of her retirement on
August 16, 2007.

40 days from the date of this Agreement to remove the financing contingency. If the Purchaser does not terminate this Agreement in writing by the 40th day the deposit shall be non-refundable. Closing shall occur on or before November 17, 2003.

On September 18, 2003, Singh deposited two checks totaling $50,000.00 with the closing attorneys. On October 5, 2003, Singh sent a registered letter to the closing attorneys asking that the forty-day period specified in the contract begin to run from September 25, 2003, the date the deposit checks were cashed, rather than September 3, 2003, the date of the contract. The letter stated that "[i]f this is not possible then treat this letter as the termination of this agreement and we request you to refund us our $50,000.00."

One of the closing attorneys secured the oral agreement of Jagdish Patel, Boots' president, to extend the forty-day period by 22 days until November 4, 2003. The attorney "immediately called [Singh] and told him that the timeframe had been extended."[2] Singh continued his effort to obtain financing but by the time the forty-day-plus-extension period expired on November 4, 2003, he had not obtained financing or terminated the sales contract. Nor did Singh obtain financing before November 17, 2003, the closing date fixed by the contract.

---

[2] Singh complains that he did not receive "written confirmation that his request for extension of the forty day financing provision had been accepted." However, as the circuit

On February 25, 2004, in a letter to the closing attorneys, Boots declared "the contract to be in default" and demanded payment of the $50,000.00 deposit. On March 20, 2004, Boots entered into a contract to sell Denny's Restaurant to DEN OF HOPEWELL, LLC, a Florida corporation, for $1,300,000.00.

Five days later, on March 25, 2004, a bank issued a commitment letter agreeing to provide financing for Singh's purchase of Denny's Restaurant.[3] When Singh learned Boots had sold the restaurant to someone else, he demanded that the $50,000.00 deposit be refunded to him. The closing attorneys then filed this interpleader action and placed the $50,000.00 deposit with the clerk of the circuit court.

The circuit court held that Singh did not terminate the contract with his letter of October 5, 2003 which contained the language that the letter should be treated as terminating the contract if the forty-day period could not be extended. The court said "the attempted termination was based on [Singh's] attempt to have the contract amended [and he] had no such right

---

court noted, Singh proceeded "as if he were attempting to obtain financing and closing on the property."

[3] The circuit court found that Singh had not breached the contract because "he was in a position to close on the transaction at the time Boots contracted with another party." This finding, of course, was incorrect. Boots contracted with another party on March 20, 2004, and the bank did not agree to provide financing for Singh's purchase until March 25, 2004, five days later.

under the Agreement." Singh does not question this holding on appeal.

The circuit court proceeded to hold, however, that the provision making the deposit non-refundable was an impermissible penalty or forfeiture and not a valid liquidated damages clause. It is this holding that Boots challenges on appeal.

In O'Brian v. Langley School, 256 Va. 547, 507 S.E.2d 363 (1998), we said that we had previously enunciated the test for determining the validity of a liquidated damages clause, as follows:

> "[P]arties to a contract may agree in advance about the amount to be paid as compensation for loss or injury which may result from a breach of the contract '[w]hen the actual damages contemplated at the time of the agreement are uncertain and difficult to determine with exactness and when the amount fixed is not out of all proportion to the probable loss.' "

Id. at 551, 507 S.E.2d at 365. (quoting 301 Dahlgren Ltd. Partnership v. Bd. of Supervisors of King George County, 240 Va. 200, 202-03, 396 S.E.2d 651, 653 (1990) and Taylor v. Sanders, 233 Va. 73, 75, 353 S.E.2d 745, 746-47 (1987)). We further reiterated our prior conclusion that "a liquidated damages clause will be construed as an unenforceable penalty 'when the damage resulting from a breach of contract is susceptible of definite measurement, or where the stipulated amount would be grossly in excess of actual damages.'" Id. (quoting Brooks v.

4

Bankson, 248 Va. 197, 208, 445 S.E.2d 473, 479 (1994)); accord 301 Dahlgren Ltd. P'ship, 240 Va. at 203, 396 S.E.2d at 653.

The party challenging the validity of a liquidated damages clause has the burden of proof on the issue of whether the opposing party's "damages . . . are susceptible of definite measurement or . . . the stipulated damages are grossly in excess of the actual damages suffered by the non-breaching party." O'Brian, 256 Va. at 551, 507 S.E.2d at 365. Here, when Singh failed to terminate the sales contract in writing within the forty-day period as extended, the deposit became non-refundable, entitling Boots to payment of the deposit unless Singh could prove that Boots' damages were susceptible of definite measurement or the deposit amount was grossly in excess of actual damages.

Singh contends he carried this burden, and he relies solely upon testimony given by Jagdish Patel, Boots' president, during his direct examination as a witness for Boots. Patel said the $1,300,000.00 contract with DEN OF HOPEWELL was "[r]oughly, the same" as the $1,500,000.00 contract with Singh because Boots would have had to pay a sales commission of $239,000.00 on the Singh sale but no commission on the sale to DEN OF HOPEWELL. Singh maintains that this testimony shows Boots suffered no damage but actually "received an increase of profit in the amount of $39,000.00."

5

However, under the rule recognized in our cases, a liquidated damages clause is invalid only when the actual damages contemplated <u>at the time of the agreement</u> are shown to be certain and not difficult to determine or the stipulated amount is out of all proportion to the actual damages. <u>O'Brian</u>, 256 Va. at 551, 507 S.E.2d at 365; <u>Brooks</u>, 248 Va. at 208, 445 S.E.2d at 479; <u>301 Dahlgren</u>, 240 Va. at 202-03, 396 S.E.2d at 653; <u>Taylor</u>, 233 Va. at 75, 353 S.E.2d at 746-47.

Singh presented no evidence at all relating to damages contemplated at the time of the sales contract, and he does not explain how one could conclude that, at that time, Boots' damages in event of default were certain and not difficult to determine. Indeed, it would be pure speculation to say it was certain at the time the Singh contract was signed that Boots would be able to obtain a sale of the restaurant more than six months later for "[r]oughly, the same" amount.

And Singh offered nothing to show that the amount of the deposit would be out of all proportion to any probable loss. In any event, we upheld as enforceable liquidated damages a deposit of 4.6% of the purchase price of real property in <u>Taylor</u>, 233 Va. at 76, 353 S.E.2d at 747, and a deposit of 10% in <u>Brooks</u>, 248 Va. at 209, 445 S.E.2d at 480. Here, the deposit was only 3.3% of the purchase price, an amount certainly not disproportionate in comparison.

Accordingly, we conclude that Singh failed to present evidence to establish that the liquidated damages clause was an unenforceable penalty.  We will reverse the judgment of the circuit court and remand the case for the entry of an order directing payment of the $50,000.00 deposit to Boots.

<u>Reversed and remanded</u>.