## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Hunter Investment
Group, Inc., et al.

v.

Robert Henry Breschel et al.

October 28, 2002

Case No. CL02-97

BY JUDGE WILLIAM H. LEDBETTER, JR.

The issue presented by demurrer is whether the writing relied on by the plaintiff is a valid and enforceable contract.

*Facts*

A demurrer admits the truth of all factual matters well pleaded and all reasonable inferences attributable to the allegations. Virginia Code § 8.01-273; *West Alexandria Properties v. First Va. Mortgage*, 221 Va. 134, 267 S.E.2d 149 (1980). Therefore, the facts recited in this opinion are taken from the plaintiff's pleading.

The defendants, the Breschels, owned 12.9 acres with improvements on Lake Anna. The plaintiffs (collectively, Hunter) invest in real estate. By contract and an addendum, the Breschels agreed to sell the property to Hunter. Later the Breschels refused to close and sold the property to someone else. This action ensued.

*Demurrer to Count I: Breach of Contract*

The Breschels contend that the contract is not enforceable because "the parties to the contract cannot be determined." Apparently, some of the documents are in the name of Hunter Investment Group, Inc., and some were signed by David J. Hunter. Both are plaintiffs in this action, along with John D. Hunter and Paul D. Hunter.

The corporation is identified in the motion for judgment as a Virginia corporation in the business of investing in real estate. The individual plaintiffs are identified as shareholders of Hunter Investment Group, Inc., a subchapter S corporation. The motion for judgment suggests that the individuals' role in the contract with the Breschels was as representatives of Hunter Investment Group, Inc. They are parties to the litigation, they say, only because the damages, or some of them, pass through the subchapter S corporation to them. Regardless of the validity of this last statement, the fact remains that the contract documents, together with the pleadings, sufficiently identify the purchaser in the transaction as Hunter Investment Group, Inc.

Therefore, the first ground of the demurrer will be overruled.

Next, the Breschels claim that the contract is not enforceable because of its vagueness and uncertainty. Specifically, they point to language in the addendum under the heading "Shoreland agreement."

Pursuant to that paragraph, the contract is specifically contingent upon the Breschels being able to convey to Hunter "the exclusive right of use" of a portion of "the VEPCO shoreland" adjacent to the subject property. To accomplish this, the Breschels "shall obtain from each property owner on either side ... a written shoreland agreement in recordable form establishing such division of shoreland rights."

The Breschels say that the shoreland provision does not set forth precise standards.

Virginia courts are reluctant to declare a contract void or unenforceable for indefiniteness or lack of certainty. *High Knob v. Allen*, 205 Va. 503, 138 S.E.2d 49 (1964); *Reid v. Boyle*, 259 Va. 356, 527 S.E.2d 137 (2000). Nevertheless, there must be mutual assent of the contracting parties to terms reasonably certain under the circumstances in order to have an enforceable contract. See 4A M.J., *Contracts*, § 27.

An uncertain contract is one which may embrace all the essential terms but expressed in language that is so inexact or obscure that the intention of the parties cannot be ascertained to enable the court to carry it into effect.

"Reasonable certainty," not exactness, is required. In other words, the contract must be sufficiently definite to enable a court to give it meaning and

must obligate the parties to matters ascertained or ascertainable. *Smith v. Farrell*, 199 Va. 121, 98 S.E.2d 3 (1957).

Here, it appears at first reading that the provision requires the Breschels to negotiate an agreement, the terms of which are not stated, with unknown third parties. But a closer study shows that there is nothing to negotiate and that the word "agreement" probably is ill-advised. Actually, the provision obligates the Breschels to obtain a conveyance of the "exclusive rights of use" of the shoreland "immediately adjacent to the property to be herein conveyed" that is lying "between the extensions of the said boundary lines of the property across the VEPCO shoreland to the waters of Lake Anna." This language is precise and specific. The Breschels must acquire that right of exclusive use for the benefit of Hunter or the sale is aborted. The area to be covered by the exclusive use is definite and ascertainable.

This provision is no different from valid "subject to financing" contingencies in real estate contracts, or contingency clauses that require a seller to acquire and convey a right of way across adjacent property.

Therefore, this part of the demurrer will be overruled.

### Demurrer to Count II: Fraud

The Breschels contend that the allegations of fraud are not specific enough to withstand a demurrer. Further, they contend that the allegations relate to promises, not to pre-existing or present facts.

The first contention is correct. In Virginia, fraud must be alleged with particularity. See 8B M.J., *Fraud and Deceit*, § 50; *Tuscarora v. BVA Credit Corp.*, 218 Va. 849, 241 S.E.2d 778 (1978). The particulars of the alleged misrepresentations are lacking here, and the demurrer must be sustained for that reason.

The second contention is also correct. The alleged misrepresentations seem to be nothing more than the Breschels falsely stating their intentions to honor their contract. If this were fraud, practically every contract would give rise to a fraud claim. In almost every case, a party says or does something to indicate that he intends to honor his contract. When he fails to do so, his affirmation of his contractual promises does not convert those promises into fraud.

Fraud relates to a *fact*, either pre-existing or present, and cannot ordinarily be based on basic promises in an agreement or statements as to future events or opinion. One exception, not pleaded here, arises when a person makes a promise with the intention never to perform.

For these reasons, the demurrer to the fraud claim will be sustained.

*Demurrer to Count III: Constructive Fraud*

For the same reasons explained above, the demurrer to the constructive fraud claim is demurrable.

*Conclusion*

The Breschels' demurrer to Hunter's breach of contract claim (Count I) is overruled; the Breschels' demurrer to the fraud and constructive fraud claims (Counts II and III) is sustained with leave to amend within twenty-one days.