256

## CIRCUIT COURT OF THE CITY OF SALEM

Mildenhall, L.L.C.

v.

Paul Higginbotham
and Martha Ann Higginbotham

August 15, 2011

Case No. CL10-183

By Judge Robert P. Doherty, Jr.

Plaintiff Seller and Defendant Buyers entered into a contract to purchase an apartment building. Before signing the contract, Defendant added handwritten language to paragraph 16. Originally the contract read: "Closing will be held no later than June 30, 2008, unless agreed upon by both parties." Defendant subsequently wrote in the phrase, "Subject to approval of financing" at the end of that sentence. Both parties thereafter initialed the interlineations for the stipulated purpose of ratifying the amendment.

Plaintiff Seller now argues that the addition of the phrase "subject to approval of financing" is ambiguous and subject to multiple interpretations. They contend that, in addition to the possibility that the added term means that the whole contract is "subject to approval of financing," it might also mean that it is subject to an approval of financing only at a closing date before June 30, 2008, or that only the closing date is "subject to the approval of financing." Defendant Buyers argue that the phrase "subject to approval of financing" is not ambiguous as used in the contract. They believe it means that the obligation to close was subject to obtaining financing, and if financing could not be obtained then the contract would be void. Although Plaintiff presents facts in its memorandum with regards to the diligence of Defendants' efforts to obtain financing, the only issue before the Court at this time is the meaning of the phrase "subject to approval of financing." Any other issues arising as a result of this letter opinion will be considered at a later date.

## Contract Construction

Language is ambiguous when it is of doubtful import, when it admits of being understood in more ways than one way, when it admits of two or more meanings, or when it refers to two or more things at the same time. *Galloway Corp. v. S. B. Ballard Constr. Co.*, 250 Va. 493, 502 (1995). Virginia courts do not favor declaring contracts void for indefiniteness and uncertainty and lean against a construction that has that tendency. "While courts cannot make contracts for the parties, neither will they permit parties to be released from the obligations that they have assumed if it can be ascertained with reasonable certainty from language used, in the light of all the surrounding circumstances." *Reid v. Boyle*, 259 Va. 356, 367 (2000). It is the duty and province of the court, as a matter of law, to construe the parties' contract. *Veitch v. Jenkins*, 107 Va 68, 72 (1907).

There are no reported cases in Virginia using the phrase "subject to approval of financing." A search of other jurisdictions for the meaning of this phrase found the case of *Manning v. Bleifus*, 166 W. Va. 131, 133 (1980). There the Supreme Court of Appeals for West Virginia opined that the phrase "subject to approval of financing" is simply a "subject to financing clause" and is an enforceable condition precedent in real estate contracts. This Court agrees with that interpretation and holds that, in Virginia, "subject to financing clauses" are valid contingency clauses in real estate contracts. *See Boots, Inc. v. Singh*, 274 Va. 513, 515 (2007), and *Hunter Investment Group, Inc. v. Breschel*, 60 Va. Cir. 286, 288 (2002). Accordingly, the Court finds that the meaning of the phrase "subject to the approval of financing" as interlined in the parties' agreement, means that the contract is contingent upon Defendants' being able to procure financing for the purchase of the apartment building.