# CIRCUIT COURT OF ROCKINGHAM COUNTY

FNB Southeast

v.

Martin J. Dean
and Zanda R. Dean

August 19, 2009

Case No. CL07-00612

BY JUDGE JAMES V. LANE

The Court heard this matter during a bench trial on July 13, 2009, and took several issues under advisement. The Court will address Defendant's Motion to Strike and Plaintiff's Motion for Default Interest and Attorney's Fees.

The Supreme Court of Virginia in *Costner v. Lackey*, 223 Va. 377, 290 S.E.2d 818 (1982), gave the standard for deciding motions to strike in a bench trial, stating that, if the evidence, viewed in the light most favorable to the plaintiff, may support a recovery, then the court must deny the motion to strike. The motion to strike should also be denied if "any material fact is genuinely in dispute." *Id.* The Court has considered the totality of the evidence in this case in the light most favorable to the plaintiff and finds that such evidence may support a recovery and therefore denies Defendant's Motion to Strike.

The Court will now address the issues of the interest rate and attorney's fees. Plaintiff made two loans to Defendant, and Defendant defaulted on those loans. The language of the notes provides for an increase in the interest rates from 16.386% to 18% and from 10.139% to 18% as well as attorney's fees and costs in the case of default. An amount of money payable upon default may constitute valid liquidated damages or an unenforceable penalty in Virginia.

Plaintiff argues that the increased percentage rate amounts to a valid liquidated damages clause because actual damages were uncertain at

the time of contracting and because the liquidated damages amount is proportional to the actual harm suffered. Plaintiff further relies upon the federal bankruptcy case *Dixon v. Florida Asset Financing Corp.*, 228 B.R. 166 (W.D. Va. 1998), for the proposition that a default interest rate of 36% on an 18% contract note rate does not constitute an impermissible penalty. Plaintiff urges the Court to consider this as persuasive authority to find the increased rates in this case to likewise not be in the nature of impermissible penalties. Plaintiff also moves for an award of $1,000.00 for attorney's fees and costs.

Defendant argues that the increased interest rates are not valid liquidated damages because actual damages were reasonably ascertainable at the time of contracting and because the increased interest rates are grossly in excess of damages actually suffered. Defendant also argues that *Dixon* is unavailing as it deals with usury law and because the standards in bankruptcy differ from Virginia common law. Defendant concedes that $1,000.00 is a reasonable fee however.

A liquidated damage clause will be construed as an unenforceable penalty when the damage resulting from a breach of contract is susceptible of definite measurement or where the stipulated amount would be grossly in excess of actual damages. *O'Brian v. Langley Sch.*, 256 Va. 547, 507 S.E.2d 363 (1998).

The Supreme Court of Virginia has also stated:

> When the actual damages contemplated at the time of the agreement are uncertain and difficult to determine with exactness and when the amount fixed is not out of all proportion to the probable loss, the amount is deemed to have been intended as enforceable liquidated damages; but where the damage resulting from a breach of contract is susceptible of definite measurement (as when the breach consists of failure to pay a sum of money) or where the stipulated amount would be grossly in excess of actual damages, courts of law usually construe such a stipulation as an unenforceable penalty.

*Taylor v. Sanders*, 233 Va. 73, 353 S.E.2d 745 (1987).

In this case, the Court has considered the nature of the contract and finds that it is not difficult or impossible to ascertain the damages resulting from a breach of such a contract. Therefore, the increased interest rates will be regarded as a penalty. These notes were for amounts certain at specific interest rates for specific periods of time. In these circumstances, it would not be impossible to ascertain at the time of contracting the amount of actual damages resulting from a breach at some point in the future. The Court does not consider whether the increased interest rates are grossly in excess of damages actually suffered as the question of ascertainment is dispositive.

Further, this Court has considered the Virginia Supreme Court case of *Waller v. Long*, 20 Va. (6 Munf.) 71 (1818), for the proposition that an increase in the rate of interest upon default should be considered an impermissible penalty. In determining that "the agreement of the parties is to prevail, so far as it respects the sum agreed to be paid: it is to be relieved against, so far as it partakes of the nature of a penalty," the *Waller* Court cited the case of *Nicholls v. Maynard*, 3 Atkyns 519, 26 Eng. Rep. 1100 (1747), and its particular fact pattern:

> [W]here a mortgage was made reserving 5 per cent., interest, with an agreement to abate one per cent. in case of punctual payment being made, if payment at the time is not made, the five per cent. is payable (for it was reserved, and the condition of abatement has not been complied with). It was also decided that, if four per cent. only had been reserved, with a proviso or condition that, in case of nonpayment by a certain time, the interest should be increased to five per cent., such proviso would not have been good because, continued the Court, "where the interest is to be increased if the money be not paid on the day, that is but a *nomine poenae* [penalty], and relievable in equity." Where the greater sum is reserved, if the condition of abatement is not strictly complied with, it is to be paid because it is reserved and a contrary decision would contravene the agreement of the parties; but the greater sum is not to be paid where it is only reserved to enforce the payment of the smaller, which alone forms the measure of the contract of the parties.

*Waller*, 20 Va. 71 at 78 (bracketed notation added; source *Black's Law Dictionary*, 7th ed. (1999)).

So in essence, *Waller* demonstrates that if 5% interest is contracted for with a 1% abatement for timely payment, that 5% rate has been reserved and may be enforced upon the default of that condition. However, if 4% interest is contracted for with a clause that adds 1% in the event of default, only the 4% has been reserved and the higher rate acts as a penalty. "[T]he rate of interest cannot be increased . . . it will not be given unless it is reserved, as a part of the contract." *Waller*, 20 Va. 71 at 79.

Because the Court finds that the amount of damages was reasonably ascertainable at the time of contract and that the increase in interest rate acts as a penalty, the default interest rates of 18% do not function as valid liquidated damages and are instead impermissible penalties under Virginia law. Therefore, the Court denies Plaintiff's motion with regards to the

default interest but grants that part of the motion dealing with the award of $1,000.00 for attorney's fees and costs.