PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Decker
Argued at Salem, Virginia


LEWIS DANIEL NIMETY

                                                                    OPINION BY
v.        Record No. 1209-15-3                      JUDGE MARLA GRAFF DECKER
                                                                    JUNE 28, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LEE COUNTY
Tammy S. McElyea, Judge

Charles L. Bledsoe (Patti P. Church; Gregory D. Edwards, on brief),
for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Lewis Daniel Nimety appeals his 104 convictions for possession of child pornography in

violation of Code § 18.2-374.1:1(A).  On appeal, he contends that the trial court erred in denying

his discovery motions for copies of the images upon which the Commonwealth intended to rely

at trial.  We hold that the trial court's rulings permitting the appellant's attorneys to have liberal

access to the images in the office of the Commonwealth's Attorney while prohibiting them from

obtaining copies of those images was not an abuse of discretion.  Therefore, we affirm the

appellant's convictions.

I.  BACKGROUND

The Virginia Department of State Police investigated the appellant after receiving a

complaint from the adult mother of two young girls for whom the appellant sometimes provided

child care.  As a result of that complaint, a warrant was obtained to search the appellant's home

for child pornography.  In the course of the search, agents seized a laptop computer, a separate

computer hard drive, and various other digital storage devices. Forensic investigation of those devices led to the discovery of over 75,000 digital images that "appeared [to depict] children under the age of 18 in sexual situations or posing in a provocative manner." The appellant was indicted and ultimately tried on 104 counts of possessing child pornography.

Based on the number of charges, three attorneys were appointed to represent the appellant. Prior to trial, the appellant filed a motion seeking copies of the images that the prosecutor intended to introduce into evidence at trial. His attorneys argued that "[t]here [may be] . . . some additional motions that we need to file" and "just making [the] photographs available during [the prosecutor's] office hours is insufficient." They noted that the trial date was about six weeks away and that this was a relatively short time in which to prepare the large number of charges for trial. Counsel further pointed to an exception in the statute proscribing possession of child pornography, which permits the possession and use of such images for a judicial purpose by an attorney in the course of his professional duties. The appellant's attorneys argued that they were entitled to copies of the images subject to a protective order preventing further dissemination. The prosecutor argued against providing copies but assured the court that he would provide liberal access to counsel "at their convenience throughout the course of their trial preparation."

The trial court ruled that, in this case, the appellant's attorneys "ha[d] an absolute . . . right [and] obligation to . . . inspect" the photographs but that they did not have a right to receive copies. The court instructed the Commonwealth to make the images available to the appellant's attorneys at their convenience, adding, "and that [may be] after hours and . . . on [the] weekend."

About a week prior to trial, the appellant filed a motion for reconsideration of the discovery ruling. The appellant's attorneys indicated that they had been permitted to view only "contact sheets" on which each photo "was about the size of a postage stamp." They once again

sought copies of the images to facilitate trial preparation. The court ruled that counsel had a right to inspect copies large enough to enable them to "actually see" each photograph's contents. It also concluded that arrangements would have to be made so that counsel were able to view the images in whatever digital or hard copy form the Commonwealth was planning to introduce at trial.[1] The court noted that copying the photographs increased the possibility of improper dissemination. Additionally, it indicated that if counsel concluded that "good grounds" existed to have an expert view the photographs, the court would conduct a hearing on that request and enter an appropriate order. Finally, the court granted a continuance to provide the appellant's counsel with more time to view the photos. Trial was rescheduled for January 5, 2015, giving counsel over three additional months to prepare.

Pursuant to a later discovery motion filed by the Commonwealth, as well as the late production of a report prepared by an expert witness for the Commonwealth, the parties again discussed the photographs on the morning scheduled for trial. The court granted a recess to allow the appellant's attorneys to explore the possibility of requesting the appointment of an expert for the appellant. The attorneys concluded that the appellant did not need an expert, but they requested and received a twenty-four-hour continuance. During the hearing, two of the appellant's three attorneys stated that they had seen the photos twice and "on several occasions." Additionally, the record establishes that all three attorneys viewed the photos two more times, along with the appellant, during the two days before trial.

---

[1] The appellant's counsel also expressed concern that they had been required to view the images in the presence of the state police. In response, the court ordered that they be permitted to view the images without state police supervision.

- 3 -

Following a jury trial, the appellant was convicted of 104 counts of possessing child pornography. He was sentenced to five years for each offense, for a total of 520 years in prison.[2]

## II. ANALYSIS

The appellant contends that the trial court committed reversible error by denying his discovery request for copies of the Commonwealth's "evidentiary photographs." This ruling limited his attorneys to viewing the photographs in the office of the Commonwealth's Attorney. He argues that this restriction impaired their ability to prepare his defense.[3]

"There is no general constitutional right to discovery in a criminal case . . . ." Juniper v. Commonwealth, 271 Va. 362, 394, 626 S.E.2d 383, 404 (2006). Ordinarily, "the granting or denying of discovery is a matter within the discretion of the trial court." O'Brian v. Langley Sch., 256 Va. 547, 552, 507 S.E.2d 363, 366 (1998), quoted with approval in Schwartz v. Commonwealth, 45 Va. App. 407, 450, 611 S.E.2d 631, 652-53 (2005). Under this abuse-of-discretion standard, a discovery ruling "will not be reversed on appeal unless 'the action taken was improvident and affected substantial rights.'" Id. (quoting Rakes v. Fulcher, 210 Va. 542, 546, 172 S.E.2d 751, 755 (1970)).

Although we review a ruling on discovery for abuse of discretion, a lower court's interpretation of a statute or the rules of the Supreme Court of Virginia presents a question subject to *de novo* review on appeal. See LaCava v. Commonwealth, 283 Va. 465, 469-70, 722

---

[2] The appellant was also charged with two counts of sexually abusing a child under thirteen years of age and three counts of producing child pornography. These counts were severed from the charges for possession of child pornography. Following the appellant's conviction and sentencing for the instant offenses, these other charges were dismissed.

[3] Counsel for the appellant candidly acknowledged at oral argument that, in light of the applicable statute, the appellant's position is an extremely difficult one. Such candor by counsel embodies the ethical duties expected of a legal advocate and is held in high esteem. See Va. R. of Prof'l Conduct 3.3 ("Candor Toward The Tribunal"); cf. Stephens v. Commonwealth, 274 Va. 157, 161, 645 S.E.2d 276, 277 (2007) (recognizing the appropriateness of a concession by the Commonwealth).

S.E.2d 838, 840 (2012). In the event of a conflict between a statute and a rule of court, the statute prevails. See Commonwealth v. Smith, 263 Va. 13, 18, 557 S.E.2d 223, 226 (2002) (quoting Va. Const. art. VI, § 5, and Code § 8.01-3(D)). Additionally, under accepted principles of statutory construction, we look to the plain meaning of the words contained in a statute to determine the General Assembly's intent. See Elliott v. Commonwealth, 277 Va. 457, 463, 675 S.E.2d 178, 182 (2009).

In this case, a statute is directly on point. Code § 19.2-270.1:1 expressly governs the release of computer or other electronic data that has been seized as evidence in a criminal prosecution for obscenity or child pornography. The statute states that "neither the original data nor a copy thereof shall be released to the defendant or his counsel . . . except as provided herein." Code § 19.2-270.1:1. The statute further states that the defendant and his attorney "shall be allowed the reasonable opportunity to review such evidence in accordance with the rules of discovery." Id.

Rule 3A:11, the general rule governing discovery in criminal cases, permits the accused "to inspect and copy or photograph designated [items]" under the "control of the Commonwealth, upon a showing that [they] may be material to the preparation of his defense and that the request is reasonable." Rule 3A:11(b)(2). Code § 19.2-270.1:1, however, contains heightened proof requirements for producing copies of images in an obscenity or child pornography prosecution. See Smith, 263 Va. at 18, 557 S.E.2d at 226; cf. Eastlack v. Commonwealth, 282 Va. 120, 126, 710 S.E.2d 723, 726 (2011) (recognizing that "the more specific enactment prevails over the more general"). In order to permit the production of copies of the photographs to counsel or his designee, the statute requires the trial court to find that the production of such copies *is* "material to the defense of the accused," not merely that it *may be* material, the standard contained in the rule. Compare Code § 19.2-270.1:1, with Rule

- 5 -

3A:11(b)(2). Additionally under the statute, the court must find that the production of copies is "necessary . . . to the defense of the accused," not simply that the request is "reasonable."[4] Compare Code § 19.2-270.1:1, with Rule 3A:11(b)(2).

Accordingly, pursuant to Code § 19.2-270.1:1, the appellant's attorneys were not entitled to copies of the images absent a showing that inspecting them as permitted by the statute and Rule 3A:11(b)(2) was insufficient and that producing copies was both material and necessary to the appellant's defense. The record reflects no such showings by the appellant with regard to obtaining copies. The only reason given was that it would be more convenient for the appellant's attorneys to have access to the photos outside regular business hours.[5] Consistent with the statute and discovery rules, counsel was permitted to view the photos, but they failed to meet the statutory requirements to justify obtaining copies.

In light of the liberal access to the images that the trial court provided to the appellant's attorneys, the court simply did not abuse its discretion in refusing to allow them to have copies of

---

[4] If the court requires the production of copies pursuant to the statute, it must order that the production occur only on terms that (1) "restrict access to specifically identified recipients"; (2) "prohibit any duplication of the data beyond what is reasonably necessary for the purpose of the production"; and (3) "require the return of the data to the law-enforcement agency maintaining custody or control of the seized data for appropriate disposition." Code § 19.2-270.1:1. Thus, the statute and its restrictions make clear the General Assembly's intent to carefully limit access to child pornography. Cf., e.g., United States v. Doane, 501 F. Supp. 2d 897, 900-01 (E.D. Ky. 2007) (recognizing that the stated purpose of a similar rule of federal criminal procedure, which is codified at 18 U.S.C. § 3509(m) and prevents all copying of child pornography if the government makes the material "reasonably available" to the defendant, is to prohibit reproduction of the child pornography on the theory that reproduction constitutes "repeated exploitation . . . [and] abuse").

[5] The appellant's attorneys also contended that the trial court erred by not permitting the appellant to personally view the photographs until two days before trial. However, the assignment of error on this point was denied at the petition stage and is not before the Court in this appeal.

the photographs.[6]  The court required the Commonwealth to permit the appellant's attorneys to have access to inspect the photos at their convenience, "after hours and . . . on [the] weekend." The record establishes that at least one of the appellant's three attorneys took advantage of this after-hours option.  The court also ruled that counsel be allowed to view the photos in a size large enough to permit effective review of their contents.  Additionally, it ruled that counsel were entitled to inspect the images in whatever format that the photos would be introduced at trial. The judge told counsel that they were free to return to court if they felt that they needed to have an expert examine the photos, an opportunity that they evaluated but chose not to exercise.  In an effort to permit thorough review, the trial court granted two continuances, one of more than three months, to allow counsel additional time to inspect the photos in preparation for trial.  Further, the record shows that the Commonwealth allowed the appellant and his attorneys to view the photos on each of the two days leading up to the trial.  Finally, the appellant's counsel failed to articulate any specific way, other than mere inconvenience, in which their defense of the appellant was prejudiced by the court's refusal to provide them with copies of the images.  See O'Brian, 256 Va. at 552, 507 S.E.2d at 366; cf. Rule 3A:2(a) (providing that the rules "shall be interpreted . . . to promote . . . fairness in administration" but that even where irregularities or errors are shown, they "shall not constitute reversible error" unless a litigant's substantive rights are affected).

---

[6] The appellant argues that the trial court improperly applied 18 U.S.C. § 3509 to hold that it lacked authority to allow the appellant's attorneys to have copies of the images.  We disagree in light of the accepted principle that a reviewing court "will not fix upon isolated statements of the trial judge taken out of the full context in which they were made[] and use them as a predicate for holding the law has been misapplied."  Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).  In any event, the record shows that counsel for both the appellant and the Commonwealth ultimately made clear to the court that the statute is one of federal criminal procedure, and it contains no indication that the trial court ruled based on federal law.

On these facts, viewed in light of the explicit requirements of Code § 19.2-270.1:1 regarding the discovery of digital images in a prosecution for the possession of child pornography, the trial court did not err in denying the motion.[7]

## III. CONCLUSION

We hold that the trial court's ruling permitting the appellant's attorneys to have liberal access to the images upon which the child pornography charges were based, while prohibiting them from obtaining copies of those images, was not an abuse of the court's discretion. Therefore, we affirm the appellant's convictions.

<u>Affirmed.</u>

---

[7] Code § 18.2-374.1:1, which proscribes the possession of child pornography in any form, contains an exception stating that possession is not unlawful if it is "for a bona fide . . . judicial purpose by a[n] . . . attorney . . . who possesses such material in the course of conducting his professional duties as such." Code § 18.2-374.1:1(H). This subsection merely provides that counsel may not be criminally prosecuted for *possessing* such images when acting in accordance with the prescribed terms of Code § 19.2-270.1:1, which governs the conditions under which counsel may *obtain* the original images or copies of the specified types of digital child pornography during discovery.