UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Huff, Judges Beales and Decker
Argued at Salem, Virginia


JAMES CLIFFORD TILLEY

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0207-17-3              JUDGE MARLA GRAFF DECKER
                                                    OCTOBER 16, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PATRICK COUNTY
David A. Melesco, Judge Designate

Heath L. Sabin (The Law Office of Heath L. Sabin, on brief), for
appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


James Clifford Tilley appeals his conviction for the misdemeanor offense of contributing to

the delinquency of a minor in violation of Code § 18.2-371(i).  On appeal, he contends that the

evidence was insufficient to support his conviction because it did not prove that he abandoned the

children.  The Commonwealth asserts that the appellant did not present this specific challenge in the

trial court and, accordingly, that he failed to preserve it for appeal.  Upon our review of the record,

we agree with the Commonwealth.  Consequently, we do not reach the merits of this appeal, and

applying Rule 5A:18, we affirm the appellant's conviction.[1]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In light of this holding, we do not consider the Commonwealth's merit arguments.

I. BACKGROUND[2]

The appellant was indicted for "unlawfully and willfully contribut[ing] to, encourag[ing], or caus[ing] any act, omission, or condition that rendered J.D. and/or R.D., minors less than 18 years of age, abused or neglected as defined in [Code] § 16.1-228, in violation of [Code] §§ 18.2-371(i), 18.2-11." The appellant also was indicted for two additional counts of contributing to the delinquency of a minor, as well as for two counts of aggravated sexual battery, and one count each of forcible sodomy and taking indecent liberties with a minor. He was convicted of the sexual offenses and one count of contributing to the delinquency of a minor. Only the misdemeanor conviction for contributing to the delinquency of a minor is before the Court on appeal.

At the appellant's bench trial, the evidence established that as of March 18, 2016, the date of the instant offense, the appellant, who was seventy-six years old, lived with his nephew, the nephew's wife, and the wife's three children. The children were R.D., an eleven-year-old girl; her brother, J.D., who was about a year younger than R.D.; and another brother, who was about two years older than R.D.

Regarding the events of March 18, 2016, J.D. testified that the appellant left the three children at a restaurant without giving them any reason for doing so. At some point after the appellant left them, the children "ran around in the parking lot looking for [the appellant's] truck, and it was not there." They then went into other stores in the shopping center "trying to find a phone to call" the appellant. Eventually an adult at one of the stores "help[ed them]." J.D. testified that the appellant "came back" as a result of their phone call to him.

_____

[2] In reviewing a challenge to the sufficiency of the evidence on appeal, the appellate court considers "the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth." Molina v. Commonwealth, 272 Va. 666, 675, 636 S.E.2d 470, 475 (2006) (quoting Ward v. Commonwealth, 264 Va. 648, 654, 570 S.E.2d 827, 831 (2002)).

Buddy Dollarhite, manager of a grocery store in the shopping center, testified that a cashier alerted him that some children in the store were being "a little rambunctious." The three children were playing with an empty shopping cart, and Dollarhite "heard something break." He also "thought they may have taken something." The children told Dollarhite that they were alone in the store. He kept them in the office for about half an hour while attempting to "track down . . . who they were with." According to Dollarhite, the oldest child "went out" and "tr[ied] to find their uncle [who] brought them over there." Dollarhite further stated that "[n]o one called the store" but that the children's uncle eventually "c[a]me inside" to retrieve them. Dollarhite testified that these events occurred "during winter time," when it "was still fairly cold" and got "dark early."

The appellant testified and denied the allegations supporting the instant charge of contributing to the delinquency of a minor. He admitted driving the children to the shopping center that day, stating that he took them to the Family Dollar store in the same shopping center as the Little Caesar's at the request of their mother. According to the appellant, at about 5:30 or 6:00 p.m., he told the children that he would wait for them in his truck. He said that he instructed them to return to his truck when they finished spending their money and that if he had "dozed off," they should wake him up to go home.

The appellant further claimed that he awoke just as the Family Dollar store was closing and that the employee who was turning out the lights told him the children had gone to the grocery store. He said he then went to the grocery store and found the children but that they ran away and hid from him. He further claimed that he asked one of the checkout clerks to get the manager to help find them. According to the appellant, he had to have a bowel movement and did not "like to use bathrooms outside of the home." Consequently, he told the clerk, "I need to go somewhere and do something real bad," and he then left to go home to use the bathroom. The

appellant testified that when he was finished, he called the store and "told the manager" that he was on his way back to pick up the children. He said that if the grocery store manager "said no one ever called about the children," the manager's statement was incorrect. The appellant insisted that he placed such a call to the grocery store.

The appellant also denied committing the sexual offenses for which he was on trial. He gave testimony about the circumstances surrounding those offenses that was directly contradicted by the Commonwealth's witnesses, as well as its recorded audio and video evidence.

At the close of the Commonwealth's case-in-chief, the appellant made a motion to strike the evidence. The judge asked the prosecutor which misdemeanors she thought the Commonwealth had proved. She replied that two theories supported the contributing charges. One theory was that the appellant allegedly "g[ave] the kids controlled substances." The second theory was that he abused or neglected the children by abandoning them. The judge replied that the only misdemeanor that he would allow to "go forward . . . involv[ed] the store."

The appellant did not renew his motion to strike at the close of his own evidence. Following closing arguments, the court found the appellant guilty of two counts of aggravated sexual battery and one count each of sodomy, indecent liberties, and contributing to the delinquency of a minor by means of abuse or neglect. In doing so, the judge noted the inconsistencies in the testimony of the appellant, as "balanced against the very straightforward testimony of the little boy" and the video evidence of the sexual offenses. The judge did not articulate the specific legal theory under which he found the appellant guilty of contributing to the delinquency of a minor.

Following the preparation of a presentence report, the court sentenced the appellant to incarceration for twelve months for the contributing conviction, with all of that time suspended.[3]

## II.  ANALYSIS

The appellant challenges the sufficiency of the evidence to support his conviction for violating Code § 18.2-371(i) by "unlawfully and willfully contribut[ing] to, encourag[ing], or caus[ing] any act, omission, or condition that rendered [minors] J.D. and/or R.D. . . . abused or neglected as defined in [Code] § 16.1-228."  For purposes of a prosecution under Code § 18.2-371, a child may be "abused or neglected as defined in § 16.1-228" in any one of six different ways.[4]  As the appellant concedes, the only definitions relevant to this appeal involve whether the appellant "abandon[ed]" the children in his care or was "unreasonabl[y] absen[t]" from them.  See Code § 16.1-228(3), (5).[5]

The appellant specifically argues that the evidence failed to establish that he abused or neglected the children because it did not prove abandonment and the prosecutor did not argue that he was unreasonably absent.  He adds that the judge limited the manner of proof by referencing only abandonment.  Accordingly, he suggests that the evidence fails to support his conviction.  The Commonwealth asserts that the appellant did not argue in the trial court that his act of leaving the children at the store failed to establish abuse or neglect by abandonment or

---

[3] The court sentenced the appellant to life in prison for forcible sodomy, ten years in prison for each of the two counts of aggravated sexual battery, and twelve months in jail for indecent liberties.  It suspended all the time except the life sentence.

[4] At the time of the appellant's offense, the definition of abuse or neglect included six different categories of behavior.  See 2015 Va. Acts chs. 502, 503.  Since that time, the statute has been amended to add a seventh category to the definition.  See 2016 Va. Acts ch. 631.

[5] The appellant does not dispute his status as a "person responsible for [the children's] care" or a "person standing in loco parentis" as used in these definitions.  See Code § 16.1-228(3), (5).

unreasonable absence. Consequently, the Commonwealth contends that he did not properly preserve this argument for appeal.

Rule 5A:18 provides in pertinent part that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Additionally, "[n]ot just any objection will do." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted on reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). The "laudatory purpose" of the rule "is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error can be dealt with and timely addressed and corrected when necessary" so as to avoid needless appeals and retrials. Brooks v. Commonwealth, 61 Va. App. 576, 581, 739 S.E.2d 224, 226-27 (2013) (en banc) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997)).

Under the rule, "[a] general argument or abstract reference to the law is not sufficient to preserve an issue." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc), aff'd by unpub'd order, No. 040019 (Va. Oct. 15, 2004). Also, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for [appellate] review." Johnson v. Commonwealth, 58 Va. App. 625, 637, 712 S.E.2d 751, 757 (2011) (quoting Edwards, 41 Va. App. at 760, 589 S.E.2d at 448); see Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994). Instead, Rule 5A:18 requires a litigant to articulate an objection with specificity "so that the trial judge . . . know[s] the *particular* point being made in time to do something about it." Thomas, 44 Va. App. at 750, 607 S.E.2d at 742 (emphasis added); see Edwards, 41 Va. App. at 760, 589 S.E.2d at 448. In that same regard, "a specific, contemporaneous objection gives the opposing party the opportunity to meet the

objection at that stage of the proceeding." Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)).

At trial, the appellant argued only generally that the evidence was insufficient to prove "contributing." At the close of the Commonwealth's case-in-chief, the appellant made a motion to strike the evidence. However, he noted that his argument on the contributing charge was "pretty slim at this point" because "[i]f you take the [C]ommonwealth's evidence in[] a light that is favorable, as you are supposed to at this point, evidence is that [the appellant] left them at a store for no apparent reason." By making this argument, the appellant conceded that unless he presented evidence proving, to the satisfaction of the trial court, a justifiable reason for leaving the children at the store, the evidence was sufficient to prove the offense of contributing to the delinquency of a minor. He did not argue that the act of leaving the children in the store failed to prove abuse or neglect generally. He also did not argue that the evidence failed to prove abandonment or unreasonable absence, the two potentially applicable ways that abuse or neglect may be established in this case. Beyond a brief reference to abandonment made by the prosecutor, neither the parties nor the court discussed the particular elements that the Commonwealth was required to prove.

The appellant presented evidence in his defense. At the close of all the evidence, regarding the instant misdemeanor, the Commonwealth again asserted its theory that the "contributing or misdemeanor child neglect" charge was "for abandoning the children" at the store. She then recited the evidence relevant to the offense. The appellant argued in response that the evidence was insufficient to prove "contributing," pointing to his own testimony as support. He argued that although he did not make "a wise decision to leave" the children at the store, he left to go home to use the bathroom when the children "wouldn't come to him." The

appellant noted the ages of the children as including "one teenager and some larger-sized kids who clearly [are] not going to listen to [the appellant] anyway," as opposed to "three, four, five, six year olds."[6] He did not argue that the incriminating evidence, taken at face value, was insufficient as a matter of law to permit "any rational trier of fact" to find the now-challenged element of abandonment, or any other form of abuse and neglect, "beyond a reasonable doubt." See Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Instead, he argued merely that his leaving the children alone was reasonable under the circumstances *as he had portrayed them*, a claim that clearly extended only to the question of his credibility. He offered no argument relating to the elements of the offense or the definition of abandonment or unreasonable absence.[7]

Consequently, the appellant failed to preserve for appeal his claim that his behavior, viewed in the light most favorable to the Commonwealth, did not constitute abandonment or any other type of abuse or neglect as required to prove that he was guilty of contributing to the delinquency of a minor.[8]

---

[6] The indictment did not charge the appellant with contributing to the delinquency of the teenager. Instead, it named only eleven-year-old R.D. and her younger brother, J.D.

[7] At oral argument, the appellant's counsel candidly admitted that the focus of his attention was necessarily the felony offenses and that the Commonwealth's Rule 5A:18 argument was difficult to refute. The Court appreciates the professionalism displayed by counsel. It "embodies the ethical duties expected of" a member of the Bar and "is held in high esteem." See, e.g., Nimety v. Commonwealth, 66 Va. App. 432, 436 n.3, 786 S.E.2d 835, 837 n.3 (2016).

[8] The appellant, who did not file a reply brief, does not assert that either of the exceptions to Rule 5A:18 apply, and this Court will not raise those exceptions *sua sponte*. See Edwards, 41 Va. App. at 761, 589 S.E.2d at 448, cited with approval in Jones v. Commonwealth, 293 Va. 29, 39 n.5, 795 S.E.2d 705, 710 n.5 (declining to apply *sua sponte* the "good cause" or "ends of justice" exceptions to Rule 5:25, the Supreme Court of Virginia counterpart to Rule 5A:18), cert. denied, 138 S. Ct. 81 (2017).

### III. CONCLUSION

We hold under Rule 5A:18 that the appellant failed to preserve his challenge to the sufficiency of the evidence to support his conviction. Accordingly, we affirm the appellant's conviction without reaching the merits of his claim. We remand the case solely for the correction of a clerical error in the conviction and sentencing orders.[9]

<u>Affirmed and remanded.</u>

---

[9] The conviction and sentencing orders, while properly citing the code section proscribing the offense of contributing to the delinquency of a minor, both erroneously state that the appellant was convicted of "[c]hild [a]buse/[n]eglect" rather than contributing to the delinquency of a minor *by means of* "[a]buse/[n]eglect." Consequently, we remand solely for correction of the clerical error in the conviction and sentencing orders. <u>See</u> Code § 8.01-428(B); <u>Howell v. Commonwealth</u>, 274 Va. 737, 739 n.*, 742, 652 S.E.2d 107, 108 n.*, 109 (2007); <u>Tatum v. Commonwealth,</u> 17 Va. App. 585, 592-93, 440 S.E.2d 133, 138 (1994).