COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Athey and Chaney
Argued at Norfolk, Virginia


ANTHONY TERRELL JOHNSON

                                              MEMORANDUM OPINION* BY
v.        Record No. 1169-21-1            CHIEF JUDGE MARLA GRAFF DECKER
                                                   JUNE 28, 2022
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          Stephen C. Mahan, Judge[1]

            Kristin Paulding (7 Cities Law, on brief), for appellant.

            Lauren C. Campbell, Assistant Attorney General (Jason S. Miyares,
            Attorney General, on brief), for appellee.


        Anthony Terrell Johnson appeals his conviction for possession of a firearm by a violent

felon, in violation of Code § 18.2-308.2. He argues that the trial court erred by denying his

motion to suppress evidence and that the evidence was not sufficient to support his conviction.

For the reasons below, we affirm.

                                    I. BACKGROUND[2]

        In the early morning hours of September 22, 2018, Officer Gary Cordingley of the City

of Virginia Beach Police Department was patrolling a high-crime area. While on patrol, he

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Judge A. Bonwill Shockley presided over the pretrial motion to suppress. Judge Mahan
presided over the jury trial and sentencing.

        [2] Under the applicable standard of review, an appellate court views the evidence in the
light most favorable to the Commonwealth, as the prevailing party below. *See Hill v.
Commonwealth*, 297 Va. 804, 808 (2019) (motion to suppress); *Raspberry v. Commonwealth*, 71
Va. App. 19, 29 (2019) (sufficiency).

UNPUBLISHED

watched as two vehicles parked and then the appellant and three other men got out of the cars. The four men gathered around the trunk of one of the cars, and the officer approached them. When he greeted them, a bottle of vodka fell off the surface of the trunk. Officer Cordingley asked who the alcohol belonged to, but no one answered.

The officer noticed that the appellant appeared nervous and began slowly backing away from him. He asked the appellant to come over to him, and the appellant did so. Cordingley testified that he wanted to investigate the open container of alcohol and learn who was driving, based on his suspicions of drunk driving and public intoxication.

Two other officers with the City of Virginia Beach Police Department arrived while Cordingley was speaking with the men. One of the officers, Officer Tyler Rasmussen, noticed that an odor of alcohol was emanating from the appellant and his eyes were bloodshot and glassy.

Officer Cordingley asked the men if they were carrying any weapons, and they answered no. He also asked for permission to conduct a pat down to check for weapons. The three men who accompanied the appellant replied yes, but Cordingley was unsure of the appellant's response.

Cordingley began to frisk one of the men. As he did so, the appellant started running away. The two other officers ran after him for about twenty-five feet before he hit a guardrail and stumbled. When the appellant tripped, a firearm fell from his waistband. The officers subdued him and recovered the gun. After being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), the appellant admitted that he had a firearm in his possession.

The Commonwealth charged the appellant with possession of a firearm by a violent felon. Before trial, the appellant made a motion to suppress the evidence related to the firearm. He argued that the police did not have a reasonable suspicion that he had engaged in criminal

activity justifying his detention. In addition, the appellant suggested that the officers did not have a reasonable suspicion that he was armed and dangerous supporting a weapons frisk. Finally, he contended that the police did not have probable cause to arrest him. After hearing evidence and arguments, the trial court denied the motion.

The firearm was admitted into evidence at the appellant's jury trial. After the close of the Commonwealth's case, the appellant made a motion to strike the evidence. He argued, in relevant part, that the Commonwealth failed to prove that he possessed the firearm. The appellant pointed to the lack of body camera footage showing that the gun fell from his body. He also suggested that the lack of physical evidence such as DNA or fingerprint evidence linking him to the gun was a defect in the Commonwealth's case. The trial court denied the motion to strike as it related to the possession of a firearm charge. The appellant later renewed his motion, but the court again denied it.

The jury convicted the appellant of possession of a firearm by a violent felon.[3] The trial court sentenced him to five years in prison in accordance with the jury's recommendation and an additional three years of suspended time.

## II. ANALYSIS

The appellant raises two assignments of error. He challenges the trial court's denial of his motion to suppress and the sufficiency of the evidence to support the firearm conviction.

### A. *Motion to Suppress*

"In challenging the trial court's denial of his motion to suppress evidence," the appellant "'bears the burden of establishing that reversible error occurred.'" *Saal v. Commonwealth*, 72 Va. App. 413, 421 (2020) (quoting *Mason v. Commonwealth*, 291 Va. 362, 367 (2016)). On

---

[3] The appellant was acquitted of the additional charges of obstruction of justice, carrying a concealed weapon, public intoxication, and drinking in public.

appeal, we view the evidence in the light most favorable to the party who prevailed below, in this case the Commonwealth, and afford to it the benefit of all inferences fairly deducible from that evidence. *Id.* In ruling on the propriety of a trial court's denial of a motion to suppress, the appellate court considers the evidence introduced at the suppression hearing as well as the evidence at trial. *See, e.g.*, *Commonwealth v. White*, 293 Va. 411, 414 (2017). The reviewing court is bound by the trial court's "findings of historical fact unless 'plainly wrong' or without evidence to support them." *McGee v. Commonwealth*, 25 Va. App. 193, 198 (1997) (*en banc*). In contrast, the trial court's application of the law is reviewed *de novo*. *Malbrough v. Commonwealth*, 275 Va. 163, 168-69 (2008).

The dispositive facts here are virtually identical to those in *Fitchett v. Commonwealth*, 56 Va. App. 741 (2010). In that case, the investigating police officer suspected that the defendant had an open container of alcohol in public. *Fitchett*, 56 Va. App. at 743. When the officer began to frisk the defendant for weapons, he fled. *Id.* at 744. As the defendant ran, he tripped, and a handgun fell from his waistband to the ground. *Id.* This Court rejected the defendant's argument that the gun should have been suppressed. *Id.* at 749. The Court noted that in *California v. Hodari D.*, 499 U.S. 621, 625 (1991), the Supreme Court held that if the defendant had "broken away" from the police officer and "cast away" his contraband, "it would hardly be realistic to say that that disclosure had been made during the course of an arrest." *See Fitchett*, 56 Va. App. at 749 (quoting *Hodari D.*, 499 U.S. at 625). It concluded that the police officer in *Fitchett* did not find the weapon during his seizure of the defendant and the "loss of the handgun during [the defendant's] flight was an independent source for the discovery and recovery of the handgun." *Id.* at 748. Consequently, the Court held that the firearm was not subject to the exclusionary rule. *Id.* at 748-49.

The appellant's counsel candidly acknowledged during oral argument that the established law in *Fitchett* controls the result in this case.[4] Our independent analysis leads us to the same conclusion. *See generally Logan v. Commonwealth*, 47 Va. App. 168, 172 (2005) (*en banc*) (explaining that an appellate court may not accept even formal concessions of law without independently confirming their correctness).

Here, as in *Fitchett*, the "discovery of the handgun was not a direct result of [the] seizure of [the] appellant, but rather was the result of [the] appellant accidentally tripping and falling while he fled from the officer." *Fitchett*, 56 Va. App. at 748. Therefore, the "appellant's accidental loss of the handgun during his flight was an independent source for the discovery and recovery of the handgun." *Id.* As a result, the weapon was not subject to the exclusionary rule. *Id.* at 747-49; *see also Commonwealth v. Ealy*, 12 Va. App. 744, 755 (1991) (noting that "evidence is not 'fruit of the poisonous tree' simply because" it would not have been discovered "'but for'" alleged unlawful police action (quoting *Segura v. United States*, 468 U.S. 796, 815 (1984))).

In support of his argument, the appellant cites *United States v. Powell*, 666 F.3d 180 (4th Cir. 2011), as a preference to the analysis in *Fitchett*.[5] In *Powell*, during a traffic stop, police officers conducted a pat down of an individual. *Powell*, 666 F.3d at 184. The person tried to run away but the investigating officers "regained control over him" almost immediately. *Id.* After handcuffing the individual, the officers found a handgun in the car. *Id.* The United States Court of Appeals for the Fourth Circuit held that the police lacked a reasonable suspicion to believe

---

[4] The Court appreciates counsel's candor as it "embodies the ethical duties expected of a legal advocate and is held in high esteem." *Nimety v. Commonwealth*, 66 Va. App. 432, 436 n.3 (2016).

[5] Fourth Circuit decisions are not precedential and binding authority in Virginia courts. *See, e.g.*, *Toghill v. Commonwealth*, 289 Va. 220, 227 (2015).

that the defendant was armed and dangerous and thus the officers were not justified in frisking him. *Id.* at 187. The appellant suggests that the facts of his case are analogous to those in *Powell*, but they are not. In that case, the contraband was not found as a result of or during the suspect's flight. Nor was the firearm accidentally dropped from the defendant's person. Consequently, there was no independent source of the discovery of the gun in *Powell*, and the decision does not support the appellant's position.

For these reasons, the trial court did not err in denying the appellant's motion to suppress.[6]

### B. Sufficiency of the Evidence

The appellant challenges the sufficiency of the evidence proving that the gun was in his possession. When reviewing the sufficiency of the evidence, "this Court 'must affirm the conviction unless it is plainly wrong or without evidence to support it.'" *Brown v. Commonwealth*, 68 Va. App. 746, 786-87 (2018) (quoting *Gerald v. Commonwealth*, 68 Va. App. 167, 172 (2017)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). In the end, an appellate court asks only "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)).

---

[6] In light of our holding that *Fitchett* controls the resolution of this assignment of error, we do not address the appellant's contention that the police officers had neither a reasonable suspicion that he had engaged in criminal activity nor a reasonable suspicion that he was armed and dangerous. *See generally Commonwealth v. Swann*, 290 Va. 194, 196 (2015) (recognizing that appellate courts decide cases on the "best and narrowest grounds").

"[D]etermining the credibility of the witnesses and the weight afforded [their] testimony . . . are matters left to the trier of fact, who has the ability to see and hear them as they testify." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). This Court will only disturb this credibility finding on appeal if we conclude that the "testimony was 'inherently incredible or so contrary to human experience as to render it unworthy of belief.'" *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006) (quoting *Cardwell v. Commonwealth*, 209 Va. 412, 414 (1968)). In short, if a witness testifies to facts "which, if true, are sufficient" to support the conviction and "the trier of the facts" bases its decision "upon that testimony[,] there can be no relief" in this Court.[7] *Smith v. Commonwealth*, 56 Va. App. 711, 718-19 (2010) (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989)).

Two police officers testified that they saw the firearm fall from the appellant's person. One officer testified that the gun fell from the appellant's body generally, and the other specifically saw that it fell from his hip. In addition, the appellant acknowledged to police that he ran because, as a felon, he was scared of being found with a firearm in his possession. The appellant admitted that he had the gun in his possession, claiming that he had found it in the car and had taken it merely in order to "get rid of it." Further, the officers' testimony established that the appellant attempted to flee once Cordingley started frisking one of the other men for

---

[7] Based on this precedent, we reject the appellant's suggestion, for which he cites no supporting legal authority, that corroboration of a police officer's testimony should be required.

weapons. *See Jones v. Commonwealth*, 279 Va. 52, 58 (2010) (recognizing that flight from the scene of a crime may be considered in the context of other facts as evidence tending to show a defendant's consciousness of guilt).

Based on the abundance of evidence before it, the jury determined that the firearm was in the appellant's possession and he dropped it during his brief flight from the police. As trier of fact, the jury had the opportunity to consider the credibility of the officers' testimony. That testimony was neither "inherently incredible" nor "so contrary to human experience as to render it unworthy of belief." *See Johnson*, 58 Va. App. at 315. Consequently, the record provides no basis for disturbing the jury's assessment of the evidence and ultimate conclusion, which are neither plainly wrong nor without evidence to support them.

Accordingly, the evidence was sufficient to establish that the appellant possessed the firearm.

### III. CONCLUSION

The appellant dropped the gun as a result of his flight from police and his fall as he tried to get away. This series of events constituted a source of the firearm's discovery independent of any police seizure or attempted pat down. Accordingly, the trial court did not err in denying the motion to suppress the firearm evidence. In addition, the evidence was sufficient to support the appellant's conviction for possession of a firearm by a violent felon based on the fact finder's assessment of witness credibility and its review of the evidence. For these reasons, we affirm the judgment of the trial court.

*Affirmed.*